MALONEY'S DISCOUNT STORES,
Appellant,

v.

Reva CAUDILL and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1977.
Discretionary Review Granted
March 30, 1977.

C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellant.

G. C. Perry, III, Paintsville, for appellee Reva Caudill.

William L. Huffman, Director, Kentucky Workmen's Compensation Bd., Frankfort, for appellee Workmen's Compensation Bd.

Before WILHOIT, WHITE and WINTERSHEIMER, JJ.

WILHOIT, Judge.

Maloney's Discount Stores appeals from a judgment of the Johnson Circuit Court dismissing its Petition for Review seeking reversal of an Opinion and Award of the Workmen's Compensation Board of Kentucky granting Appellee Reva Caudill one hundred percent occupational disability.

On August 16, 1974, Reva Caudill, an employee of Maloney's Discount Stores, while in the course of her employment, slipped on leakage from an air conditioner, falling and injuring her right arm and shoulder and her back. She never returned to work and on November 14, 1974, she filed a claim with the Workmen's Compensation Board.

The evidence before the Board disclosed that Mrs. Caudill was forty-one years of age, had completed school through the seventh grade and had obtained a high school equivalency certificate. Her only work experience prior to being employed by Maloney's on September 9, 1970, was eight months as a maid at a local motel. Her job at Maloney's required her to stock shelves, squat, bend and be on her feet all day. Five physicians testified in her behalf, variously diagnosing a functional impairment of from ten to fifteen percent of her body as a whole. One of these physicians testified that she was not employable for manual labor but that she might perform sedentary work. Another testified that she would be unable to perform her job functions where she had to use her right arm. Three physicians testified for Appellant stating they found nothing physically wrong with Mrs. Caudill and that she could return to her normal work.

The Board found that due to Mrs. Caudill's limited work experience, attitude toward recovery, dependence on pain killing drugs, weight problem and her serious injury, her future earning capacity was impaired to the extent of one hundred percent.

Appellant argues that the finding of permanent total disability in this instance was not supported by the evidence.

An award based upon permanent total disability must be premised upon a finding that the claimant was so physically impaired that she is not capable of performing any kind of work of regular employment or that regular employment in the kind of work she can perform is not available on the local market. *Osborne v. Johnson,* Ky., 432 S.W.2d 800, 803 (1968).

There is ample evidence that Mrs. Caudill is not able to continue to work in her usual occupation and she contends that this is sufficient to support an award based on total disability. However, *Osborne v. Johnson, supra* at 803–04, held that the only significance to be given a workman's usual occupation is as a factor in determining his pre-injury wage capacity as compared to his post-injury wage capacity. Prior cases which based the determination of total disability solely upon the workman's inability to perform his usual occupation or which assumed that such inability was tantamount to inability to obtain any regular employment were specifically overruled.

The evidence here, supported by the claimant's own witnesses, disclosed that she could perform sedentary work, work in a sheltered workshop or work not involving the use of her right arm for lifting, etc. The question then becomes one of whether such work is available in the local market and the burden of proving its unavailability rests upon the claimant. *Princess Manufacturing Company v. Jarrell,* Ky., 465 S.W.2d 45, 49 (1971). This burden can be sustained merely by proof sufficient to raise an inference that such work is not available, *Island Creek Coal Co. v. Springer,* Ky., 479 S.W.2d 890, 892 (1972), but the Board must have some evidence upon which to base a determination as to a claimant's future employment opportunities. No such finding was or could have been made by the Board here and thus a key element is missing.

We, therefore, reverse the Judgment of the Circuit Court with directions that this case be remanded to the Board to make appropriate findings as to the availability of work which the claimant could perform

and to make an Award in conformity with such findings.

All concur.