**Reva CAUDILL, Movant,**

v.

**MALONEY'S DISCOUNT STORES et al., Respondents.**

Supreme Court of Kentucky.

Dec. 9, 1977.

John David Preston, Preston, Paintsville, George Chad Perry, III, Paintsville, for movant.

C. W. Swinford, Gary L. Stage, Stoll, Keenon & Park, Lexington, for respondents.

REED, Justice.

Reva Caudill was awarded workmen's compensation benefits for total and permanent disability by the Board. Her employer, Maloney's Discount Stores, appealed the determination to the Johnson Circuit Court. That court upheld the Board's award. Maloney's then appealed to the Court of Appeals where the circuit court's judgment was reversed and the award set aside. The circuit court was directed to remand the case to the Board "to make appropriate findings as to the availability of work which the claimant could perform and to make an award in conformity with such findings." See *Maloney's Discount Stores v. Caudill*, Ky., 547 S.W.2d 784, 785 (1977). We granted Caudill's motion for discretionary review, and now reverse the decision of the Court of Appeals and affirm the judgment of the Johnson Circuit Court.

Reva Caudill is forty-one years old. She has eight dependents. She completed school through the seventh grade and obtained a high school equivalency certificate. Her only work prior to employment by Maloney's was eight months as a motel maid. She was hired by Maloney's as a

stock clerk in September 1970 and worked until she was injured in a work-connected accident in August 1974. She has not worked since the accident.

Her job at Maloney's required her to stock shelves, squat, bend and be on her feet all day. She has no training in any occupation but manual labor. The five physicians who testified for her concurred that the accident left her with a condition called "bicipital tendonitis," a chronic inflammation of the bicep tendon, which causes pain on movement of her right arm. Some of the medical testimony was to the effect that her disability was enhanced by the presence of obesity and a diabetic condition. She is right-handed.

Her physicians all testified that she could not perform manual labor requiring lifting, and that any kind of extensive movement of her arm and shoulder would cause her pain. One of her physicians opined that she might perform sedentary work. Another physician stated that he could find no progress to show that she could ever work. The general tenor of the testimony was that while corrective surgery was a possibility, the results from such surgery were often poor, leaving the patient in worse condition than before.

Mrs. Caudill gave considerable testimony concerning her condition as it related to her work abilities. She also testified that she could do nothing with her right arm, including housework, because of the pain.

The Board, at least implicitly, found that the claimant, Caudill, was so physically impaired that she was not capable of performing *any kind of work* of regular employment. That is the first standard declared in *Osborne v. Johnson*, Ky., 432 S.W.2d 800, 803 (1968), for the determination of total disability.

The Court of Appeals conceded that Caudill was not able to work in her usual occupation, but pointed out there was evidence that she could perform sedentary work, work in a sheltered workshop, or work not involving the use of her right arm for lifting. Reasoning that this evidence required Caudill to show the unavailability of such work on the local market as a prerequisite to support a finding of total disability, the Court of Appeals held that "a key element is missing" to justify the Board's award.

■ We agree with the Court of Appeals in its holding that the claimant has the burden of proof and the risk of nonpersuasion on the issue of the extent of disability. As we view the total evidence, however, the question in this case is whether there is substantial evidence to support the Board's implicit finding that Mrs. Caudill was incapable of performing any kind of work. If Mrs. Caudill with her useless and painful right arm and her obesity and her diabetic condition is unable to do any kind of work of regular employment, it becomes irrelevant whether work less onerous than her usual occupation is available or not.

■ The Board is the fact-finder. The claimant's own testimony is competent and of some probative value. *Johnson v. Skilton Const. Corp.*, Ky., 467 S.W.2d 785 (1971). The preponderance of the medical evidence introduced by Caudill is consistent with her testimony. There was contrary medical evidence introduced by the employer. The Board had the right to believe part of the evidence and disbelieve other parts of the evidence whether it came from the same witness or the same adversary party's total proof.

■ As in *Tackett v. Sizemore Mining Company*, Ky., 560 S.W.2d 17 (this day decided), we conclude that Caudill's own testimony, education, work experience and physical condition, together with the medical evidence introduced by her, established an evidentiary foundation sufficient to support, but not to compel, a finding by the Board that she was incapable of performing any kind of work of regular employment and, therefore, was totally disabled under the *Osborne v. Johnson* formula.

The decision of the Court of Appeals is reversed and the judgment of the Johnson Circuit Court is affirmed.

All concur.