**Bill W. MABE, Appellant,**

v.

**H & P COAL COMPANY; Special Fund; Suzanne Shively, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 92–CA–3000–WC.

Court of Appeals of Kentucky.

July 1, 1994.

Dennis Nagle, Cole, Cole, Anderson & Nagle, PSC, Barbourville, for appellant.

R. Scott Summers, Joel D. Zakem, Labor Cabinet, Louisville, for Special Fund.

Thomas L. Ferreri, Lexington, for H & D Coal Co.

Before HOWERTON, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

The appellant, Bill W. Mabe, seeks review of an opinion of the Workers' Compensation Board which affirmed an award of retraining incentive benefits under KRS 342.732(1)(a). The appellant contends that an award of benefits pursuant to KRS 342.732(1)(b) was compelled because his highest FEV1 value was more than 55 percent but less than 80 percent of the predicted normal values.

Based on medical testimony and the appellant's long experience of working as a coal miner, the ALJ found that the appellant had pneumoconiosis. The appellant's largest FVC value was 86 percent of the predicted normal values, and the largest FEV1 value was 64 percent of the predicted normal values. The ALJ, after stating that she "will always consider the FVC because it reveals impairment due to coal workers' pneumoconiosis," awarded RIB. In affirming the award, the Board held that KRS 342.732(2) granted to the fact finder the "discretion to determine respiratory impairment by utilizing either of two alternative spirometric measurements."

The appellant contends that because his largest FEV1 value was between 55 percent and 79 percent of the predicted normal values, and some of the medical testimony attributed his obstructive impairment to his exposure to coal dust, he was entitled to benefits pursuant to KRS 342.732(1)(b). He cites in support of his argument *Newberg v. Chumley*, Ky., 824 S.W.2d 413 (1992); and *Newberg v. Wright*, Ky., 824 S.W.2d 843 (1992). He relies on the following excerpt from *Chumley*:

> It is apparent that the legislature intended for the fact finder to consider obstructive impairment, as indicated by the FEV1 value, in determining the degree of compensable disability resulting from exposure to coal dust. KRS 342.732(2). It seems most likely that where a claimant exhibits differing degrees of restrictive and obstructive impairment, the legislature intended to award benefits based on the more severe impairment, regardless of whether it is due to pneumoconiosis or to obstructive airways disease. Therefore, a claimant may be awarded benefits pursuant to KRS 342.-732(1)(c) if either his largest FVC or his largest FEV1 value is less than 55% of the predicted normal value.

*Chumley*, 824 S.W.2d at 416. *Newberg v. Wright*, rendered the same day as *Chumley*, reviewed an award of benefits under KRS 342.732(1)(b). *Wright* highlights the necessity of proving that the claimant's disability is attributable to exposure to coal dust: "[W]here a claimant exhibits differing degrees of restrictive and obstructive impairment, the legislature intended to award *benefits based on the more severe impairment resulting from exposure to coal dust*, regardless of whether it is due to pneumoconiosis or to obstructive airways disease." 824 S.W.2d at 845 (emphasis added). The Supreme Court emphasized in *Newberg v. Garrett*, Ky., 858 S.W.2d 181, 184 (1993), that *Wright* did not hold that the ALJ was "required to award benefits based on the greater respiratory impairment exhibited by a worker, regardless of evidence that the apparent im-

pairment was caused by factors other than exposure to coal dust."

KRS 342.732, while creating irrebuttable presumptions regarding the degree of occupational disability, does not "relieve a worker seeking benefits due to coal workers' pneumoconiosis of the burden of proving that the exposure to coal dust which he incurred at work is the cause of the physical condition upon which his claim of occupational disability is based." *Arch on the North Fork, Inc. v. Campbell,* Ky., 865 S.W.2d 312, 314 (1993). The ALJ has the discretion to determine whether exposure to coal dust is a medically significant factor of a claimant's respiratory impairment. *Wright v. Hopwood Mining,* Ky., 832 S.W.2d 884 (1992). *Watkins v. Ampak Mining, Inc.,* Ky.App., 834 S.W.2d 699, 701 (1992), cited with approval in *Campbell,* held that the ALJ may choose to rely on either the highest FEV1 value or the highest FVC value to determine the degree of occupational pneumoconiosis if the choice is supported by substantial evidence.

The medical evidence regarding causation in the case before us, as with most claims, was conflicting. Dr. Dahhan attributed the appellant's obstructive lung impairment, evidenced by the FEV1 value of less than 80 percent, to cigarette smoking. Dr. Wright attributed the primary cause of the appellant's obstructive impairment to cigarette smoking; however, he could not exclude coal dust inhalation as a contributing factor. (Neither Dr. Dahhan nor Dr. Wright diagnosed the appellant as suffering from pneumoconiosis.) Dr. Myers testified that both smoking and coal dust exposure were responsible for the appellant's obstructive lung impairment.

The ALJ dismissed the evidence of the appellant's obstructive impairment, holding that she would always rely on the FVC values to determine occupational disability because FVC measures restrictive impairment such as coal workers' pneumoconiosis. The ALJ's reasoning is in conflict with *Chumley* and *Wright* ; however, contrary to the appellant's position, the appellant must prove that coal dust inhalation is a medically significant factor in causing his obstructive impairment. As the ALJ has the discretion

to believe parts of the evidence and disbelieve other parts of the evidence regardless of whether it came from the same witness, *Caudill v. Maloney's Discount Stores,* Ky., 560 S.W.2d 15, 16 (1977), it very well may be that the ALJ could find that the appellant has category 1 pneumoconiosis, but that the obstructive impairment is due solely to his cigarette smoking. These findings would of course result in an award of RIB because the appellant's highest FVC value showed no restrictive impairment. *See* KRS 342.-732(1)(a).

The opinion of the board is reversed and this claim is remanded to the ALJ for findings regarding the causation of the appellant's obstructive lung impairment, and for entry of an award consistent with those findings.

All concur.