RENDERED: AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001731-WC

COMMERCIAL CONTRACTING CORPORATION                    APPELLANT

v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-18-00180

BILLY CLARK; HONORABLE STEPHANIE
L. KINNEY, ADMINISTRATIVE LAW
JUDGE; AND WORKERS' COMPENSATION
BOARD                                                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE: Commercial Contracting Corporation (Commercial)

petitions for review of a decision of the Workers' Compensation Board which

affirmed the decision of an administrative law judge (ALJ) to award benefits to

Billy Clark for a back injury he sustained while purportedly working for

Commercial. The gist of Commercial's argument is that Clark did not prove his injuries were work-related because no single doctor opined that Clark's injuries were both a) work-related, and b) incurred while he was working for Commercial. However, the ALJ permissibly relied upon one doctor to conclude Clark was injured at work and another to conclude Clark was injured on a date when he was employed by Commercial. Accordingly, we affirm.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

According to Clark, he injured his back on August 10, 2017, helping set up a conveyer. It is undisputed that Clark was employed by Commercial on that date. Clark claims he reported his injury to a safety supervisor, but she failed to document the injury. Clark finished that workday and continued to work for at least a brief period afterwards.

On August 24, 2017, Clark went to see his longtime family physician, Jagdish Kothari, M.D. Dr. Kothari's notes from that visit state that Clark had been experiencing "[l]ow back pain X 2 weeks" but "denies injury[.]" Two weeks prior to August 24, 2017, was August 10, 2017, the date Clark has alleged he was injured. Clark testified at his deposition that he told Dr. Kothari that his (Clark's) back pain stemmed from an injury sustained at work but Dr. Kothari responded that he could not treat Clark for any work-related injuries because Clark did not have a "workers' comp number[,]" so Clark reversed course as to whether his

injuries were work-related.  When physical therapy and injections did not alleviate his pain, Clark was referred to a surgeon, Dr. Thomas Becherer.

Meanwhile, Clark filed an application for workers' compensation benefits in January 2018, listing an injury date of August 10, 2017, but denoting his employer as Triple C Metal Finishing.  In February, the Uninsured Employers' Fund (the UEF) was joined as a party because Triple C was uninsured on the alleged injury date.  Soon after being named as a party, the UEF filed a motion to dismiss because Clark's application did not contain any medical opinion establishing that his injuries were work-related.

In May 2018, the ALJ gave Clark thirty days to submit a causation opinion, and Clark then submitted an independent medical examination from Dr. James Farrage, who had seen Clark in April 2018.  Dr. Farrage opined that Clark's condition was work-related.  For unexplained reasons, however, he repeatedly listed Clark's injury date as September 22, 2017, and his decision to do so is significant because it is undisputed that Clark no longer worked for Commercial on that date (even though Dr. Farrage listed Commercial as Clark's employer).  The UEF filed a motion to clarify Clark's employer; Clark amended his application only to show Commercial was his employer on the injury date.  In May 2018, Dr. Becherer performed an apparently successful back surgery on Clark.

Because Commercial had workers' compensation insurance, the ALJ dismissed the UEF in October 2018. In November 2018, Commercial submitted an independent medical examination report written by Robert Jacob, M.D. Dr. Jacob noted that since the records of both Dr. Kothari and Dr. Becherer stated that Clark's injury was not caused by a specific injury then the "etiology of Mr. Clark's herniated disk is uncertain." Though he assigned a 10% whole person impairment to Clark, Dr. Jacob opined:

> the medical records do not support a traumatic incident with varying dates of onset. In the absence of corroborating evidence that his symptoms began on 08/10/2017 within a degree of reasonable medical probability and the objective medical evidence as documented in his records, I cannot state that [Clark] sustained a harmful change in the human organism as a result of his work activities on 08/20/2017.

In January 2019, Clark submitted a supplemental report from Dr. Farrage, assigning an 11% whole person impairment to Clark. Dr. Farrage's supplemental report again listed Clark's injury date as September 22, 2017.

In April 2019, the ALJ conducted the final hearing on Clark's application, at which Clark again testified that he was injured on August 10, 2017, while working for Commercial. Clark also testified on cross-examination that he last worked for Commercial on September 11, 2017.

The ALJ issued her opinion, award, and order in June 2019. In relevant part, the ALJ relied upon Dr. Farrage's opinion to conclude that Clark

-4-

sustained a work-related injury. The ALJ stated that she found Clark to be a credible witness and thus concluded that he had timely reported his injury, even though there was no documentation thereof. The ALJ accepted Dr. Jacob's conclusion that Clark had a 10% permanent partial impairment.

Commercial filed a petition for reconsideration arguing, as it does here, that there is no medical evidence that Clark sustained a work-related injury on August 10, 2017 (*i.e.*, while employed by Commercial). Commercial's basic position was, and remains, that the ALJ could conclude Clark did not suffer a specific injury to his back or could conclude that he suffered a specific injury on September 22, 2017, when he was no longer employed by Commercial. The ALJ denied the petition for reconsideration, and Commercial appealed to the Board. The Board affirmed, concluding the ALJ "could reasonably infer the accident occurred at work on August 10, 2017." Commercial then filed this petition for review.

## STANDARD OF REVIEW

As our Supreme Court succinctly held, "[t]he function of further review of the [Board] in the Court of Appeals is to correct the Board only where the the [sic] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88

(Ky. 1992). We have expanded upon that core distillation of the limited scope of our review by synthesizing the workers' compensation process as follows:

> The claimant in a workers' compensation proceeding bears the burden of proving each of the essential elements of any cause of action, including causation. KRS[1] 342.0011(1); *Snawder v. Stice*, 576 S.W.2d 276 (Ky. App. 1979). When a claimant successfully carries that burden, the question on appeal is whether substantial evidence of record supports the ALJ's decision. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). "Substantial evidence" is evidence of relevant consequence having the fitness to induce conviction in the minds of reasonable persons. *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367 (Ky. 1971).
>
> In rendering a decision, KRS 342.285 grants an ALJ—as fact-finder—sole discretion to determine the quality, character, and substance of the evidence. *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993). An ALJ may draw reasonable inferences from the evidence, reject any testimony, and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. *Jackson v. General Refractories Co.*, 581 S.W.2d 10 (Ky. 1979); *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15 (Ky. 1977); *Magic Coal Co. v. Fox*, 19 S.W.3d 88 (Ky. 2000). In that regard, an ALJ is vested with broad authority to decide questions involving causation. *Dravo Lime Co. v. Eakins*, 156 S.W.3d 283, 288-290 (Ky. 2005).
>
> Although a party may note evidence that would have supported a different outcome than reached by an ALJ, such proof is an inadequate basis for reversal on appeal. *McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46,

---

[1] Kentucky Revised Statutes.

47 (Ky. 1974). Rather, it must be shown there was no evidence of substantial probative value to support the decision. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986).

Appellate review of an ALJ's decision is limited to a determination of whether the findings made are so unreasonable under the evidence that they must be reversed as a matter of law. *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000). When reviewing the ALJ's findings of fact, an appellate tribunal is required to give these findings considerable deference and cannot set them aside unless the evidence compels a contrary finding. *Mosely v. Ford Motor Co.*, 968 S.W.2d 675, 678 (Ky. App. 1998). The appellate tribunal may not usurp the ALJ's role as fact-finder by superimposing its own appraisals as to weight and credibility or by noting other conclusions or reasonable inferences that otherwise could have been drawn from the evidence. *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999). If an ALJ's findings of fact are supported by substantial evidence, a finding contrary to the ALJ's findings cannot be sustained. *AK Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008).

*Miller v. Go Hire Employment Development, Inc.*, 473 S.W.3d 621, 628-29 (Ky. App. 2015).

## ANALYSIS

**The ALJ's Conclusions Are Supported by Substantial Evidence**

The issue is whether there is substantial evidence to support the ALJ's conclusion that 1) Clark sustained a work-related injury 2) which occurred on a date when he was employed by Commercial. Though we agree with Commercial

-7-

that no doctor resolved both parts in Clark's favor, the record nonetheless contains substantial evidence to support the ALJ's conclusion.

### 1.  Work-Related Injury

We agree with Commercial that Clark bore the burden to show causation (*i.e.*, that his injury was work-related). *Id.* at 628.  But Clark satisfied that burden as Dr. Farrage concluded Clark's back injury was work-related.

Commercial stresses that Dr. Farrage found that Clark's injuries occurred on a date in September 2017 when Clark was not employed by Commercial.  The record does not contain any explanation of Dr. Farrage's idiosyncratic notation of Clark's injury date.  However, an ALJ is permitted to select which evidence to believe, and which to disbelieve.  *Id.* at 629.  In plain English, even though another ALJ may have reached a different conclusion, the ALJ was permitted to rely upon Dr. Farrage's conclusion that Clark's injuries were work-related while also rejecting Dr. Farrage's impairment rating and recitation of Clark's injury date.  *Id.* (noting that "an ALJ is vested with broad authority to decide questions involving causation").

### 2.  Date of Injury

There is also substantial evidence to support a conclusion that Clark was injured on August 10, 2017.[2]  Dr. Kothari's August 24, 2017, notes state Clark

---

[2] Clark has not explained why he originally listed Triple C as his employer on that date.

had been suffering from back pain for two weeks. Thus, a reasonable inference could be drawn that Clark was injured on August 10, 2017. *Id.* ("An ALJ may draw reasonable inferences from the evidence . . . ."). In addition, the ALJ stated that she found Clark credible and he testified that he was injured on August 10, 2017. "The claimant's own testimony is competent and of some probative value." *Caudill*, 560 S.W.2d at 16. Dr. Jacob's report also states that Clark related being injured at work on August 10, 2017.[3] Also, there is no explanation for Dr. Farrage's September 22, 2017, injury date since Clark had sought treatment for his back pain from Dr. Kothari in August 2017. In short, there is substantial evidence to support the ALJ's conclusion that Clark was injured on August 10, 2017.

## CONCLUSION

For the foregoing reasons, the decision of the Workers' Compensation Board is affirmed.

THOMPSON, L., JUDGE, CONCURS.

DIXON, JUDGE, CONCURS IN RESULT ONLY.

---

[3] Another portion of Dr. Jacob's report states Clark related hurting his back on October 10, 2017. Dr. Jacob also summarized the records of other physicians he reviewed, some of which are not in the record before us, and in so doing notes that Dr. Becherer's records state Clark had suffered from low back pain since August 4, 2017, and Dr. Farrage listed an injury date of September 22, 2017. In short, there is conflicting evidence of Clark's injury date. "[A]n ALJ has sole discretion to decide whom and what to believe . . . ." *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009). Therefore, though the record also supported other conclusions, we must affirm the ALJ's determination that Clark was injured on August 10, 2017.

BRIEF FOR APPELLANT:

Lyn Douglas Powers
Louisville, Kentucky

BRIEF FOR APPELLEE BILLY
CLARK:

Ched Jennings
Louisville, Kentucky