# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 17, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0450-WC

KENTON COUNTY SHERIFF'S                                          APPELLANT
DEPARTMENT

ON APPEAL FROM COURT OF APPEALS
V.                                    NO. 2018-CA-1324
WORKERS' COMPENSATION BOARD NO. 16-WC-97605

MIGUEL RODRIGUEZ; TANYA PULLIN,                                  APPELLEES
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

The Kenton County Sheriff's Department (KCSD) appeals from an opinion
of the Court of Appeals affirming the Workers' Compensation Board (Board),
which vacated in part and remanded the order of the Administrative Law Judge
(ALJ). The ALJ dismissed the claim of Miguel Rodriguez, a former employee of
KCSD, for post-traumatic stress disorder (PTSD) on the basis that he had not
met his burden of proving an injury as defined by the Workers' Compensation
Act in relation to his psychological condition. The Board found the ALJ failed to
consider the evidence of Rodriguez's PTSD claim under the cumulative trauma
test set forth in *Lexington-Fayette Urban County Government v. West*[1] and

---

[1] 52 S.W.3d 564 (Ky. 2001).

remanded to the ALJ for such reconsideration. The Court of Appeals denied KCSD's contention that Rodriguez failed to properly plead a psychological injury in his workers' compensation claim and affirmed the Board's remand for reconsideration under *West*. KCSD now asks this Court to review the Court of Appeals' opinion affirming the Board and to reinstate the ALJ's original finding that Rodriguez's PTSD claim was not adequately proven under the Act and is not compensable.

## I.    BACKGROUND

Rodriguez was employed by KCSD as a police officer, initially in Operations, then as an undercover detective and member of the SWAT team. Rodriguez's workers' compensation claim originated with a work-related physical injury occurring on January 11, 2016. On that date, he slipped and fell on ice getting out of his cruiser, sustaining injuries to his back, left foot and ankle. In the same action, Rodriguez claimed, "PTSD, recently diagnosed with prior injury precursors."

The parties stipulated that Rodriguez sustained a work-related injury to his back, ankle, and foot on January 11, 2016. They also stipulated to the award of temporary total disability (TTD) benefits from January 12, 2016, through June 14, 2016, and medical benefits. The parties further stipulated to Rodriguez's average weekly wage and that Rodriguez returned to work at a wage equal to or greater than his average weekly wage but left employment due to a psychological condition. Finally, they stipulated that Rodriguez is currently working but earning less than his stipulated average weekly wage.

2

The benefits review conference addressed the contested issues surrounding Rodriguez's request for "benefits per KRS[2] 342.730 – physical and psychological." The principal issue was whether Rodriguez's PTSD met the standard of "work-relatedness/causation," and if so, was it an "injury" as defined by the Act. At the hearing on his claim, Rodriguez testified he began experiencing PTSD symptoms, including night terrors and insomnia, in 2009. He testified that during his employment he was involved in three shootings; punched out a windshield with his hand in an attempt to rescue the driver in a fatal car accident; entered a home engulfed in flames to rescue the occupants during which he choked on the smoke and heat and subsequently witnessed two children who had been trapped burned alive with "their bodies melted together;" he tore a ligament in his hand when he was "smashed" between two cars during an undercover drug bust; a perpetrator stabbed his police dog during a hostage stand-off; and he was exposed to Hepatitis C when a suspect bled over Rodriguez and other members of the SWAT team.

Rodriguez was first referred for psychological evaluation in 2013 to Dr. Connor. At that time, Dr. Connor found "no indications of Post-Traumatic Stress symptoms" that made Rodriguez unsuitable for duty. Again in 2014 and early 2015, Dr. Connor found he had no psychological symptoms warranting further consideration or precluding his return to duty at that time. In October 2015, Dr. Connor revised his opinion of Rodriguez's psychological health and

[2] Kentucky Revised Statute.

referred Rodriguez for individual psychotherapy to address stress and anxiety. In January 2016, Dr. Connor found Rodriguez "'not fit for Duty' due to his degree of stress, anxiety, depression, and agitation." Following this, Rodriguez began seeing Dr. Peerless and Dr. Platoni for individualized therapy. In preparation for the Workers' Compensation hearing, at the behest of KCSD, Rodriguez saw Dr. Allen for an independent psychological exam.

The ALJ issued an opinion, award, and order, awarding Rodriguez TTD benefits, permanent partial disability (PPD) benefits, and medical benefits for work-related injuries to his back, left foot and left ankle, all issues largely stipulated to by the parties. In addressing the contested issue of PTSD, the ALJ determined Rodriguez suffers from PTSD, which is disabling and work-related, but concluded Rodriguez failed to prove a psychological injury as defined by the Act. Specifically, the ALJ relied on the opinion of Dr. Allen that Rodriguez's PTSD is unrelated to the slip-and-fall work injury of January 11, 2016, and on the opinion of Dr. Platoni, who stated that the specific cause of the PTSD was Rodriguez's pervasive and continuous exposure to multiple and horrific traumatic events in the line of duty.

On appeal, the Board reviewed the case and, in a two-to-one decision, affirmed the finding regarding Rodriguez's physical injury, but found the ALJ applied the wrong legal standard to the PTSD claim. The Board found the ALJ erred by assuming that in order to be compensable, the PTSD had to be the result of the January 11, 2016 slip-and-fall and by failing to address the other physical incidents as testified to by Rodriguez. Accordingly, the Board vacated

4

the ALJ's finding that Rodriguez failed to prove an injury as defined by the Act as it relates to his PTSD. The Board remanded to the ALJ for additional findings consistent with *West*.

KCSD appealed the Board's remand for a *West* analysis, arguing that the only injury properly before the ALJ was the January 11, 2016 injury. KCSD argued that the Board misrepresented the claim by considering prior traumatic events as the origin of Rodriguez's PTSD. KCSD argued the earlier events were not adequately pleaded by Rodriguez, and KCSD formulated no defenses to those claims. Furthermore, KCSD argued it did not waive or consent to expanding the scope of the ALJ's hearing.

The Court of Appeals held that the Board acted within its authority when it vacated and remanded the issue of psychological impairment and compensability back to the ALJ for a *West* analysis. It held the record supported the Board's finding that the psychological injury was adequately pled and that on remand, the ALJ must consider events other than the January 11, 2016 injury as predicates for Rodriguez's PTSD and whether those events were traumatic physical events representing a "physical injury" for purposes of KRS 342.0011. The Court of Appeals, in its remand order, directed that "the ALJ must consider whether the *first* in the series of traumatic events involved physical trauma, and whether that event is a direct and proximate cause of harmful change in the human organism, in this case PTSD. If so, that harmful change (PTSD) may be compensable." This appeal followed.

5

## II. STANDARD OF REVIEW

Review by this Court of workers' compensation cases is limited "to address[ing] new or novel questions of statutory construction, or to reconsider[ing] precedent when such appears necessary, or to review[ing] a question of constitutional magnitude."[3] The ALJ as fact-finder has the sole authority to judge the weight, credibility, substance, and inferences drawn from such evidence.[4] In reaching her decision, the ALJ is free to choose to believe or disbelieve parts of the evidence from the total proof, no matter which party offered it.[5] However, the ALJ's discretion is not limitless, and we will reverse the ALJ if her opinion "is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law."[6] Litigants are entitled to know the evidentiary basis for an ALJ's findings of fact and conclusions of law, and an ALJ's opinion must summarize the conflicting evidence concerning disputed facts, weigh the evidence to make findings of fact, and determine the legal significance of those findings.[7] "Only when an opinion summarizes the conflicting evidence accurately and states the evidentiary basis for the ALJ's finding does it enable the Board and reviewing courts to determine in the

---

[3] *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 688 (Ky. 1992).

[4] *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985).

[5] *Caudill v. Maloney's Disc. Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

[6] *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).

[7] *Arnold v. Toyota Motor Mfg.*, 375 S.W.3d 56, 61-62 (Ky. 2012).

6

summary manner contemplated by KRS 342.285(2) whether the finding is supported by substantial evidence and reasonable."[8]

### III. ANALYSIS

It is undisputed the ALJ found that Rodriguez suffered from PTSD, that the PTSD prevented Rodriguez's continued employment with the Kenton County Sheriff's Department, and that the condition was work-related. The compensability of Rodriguez's PTSD then turns on the question of whether the condition meets the Act's definition of a psychological injury. When addressing psychological injuries in workers' compensation, KRS 342.0011(1) states that an injury "shall not include a psychological, psychiatric, or stress-related change in the human organism, unless it is **a direct result of a physical injury[.]**"[9]

In *West*, we explained that for a harmful change that is psychological, psychiatric, or stress-related to be compensable, it must directly result from a physically traumatic event.[10] The employee in *West* suffered psychological effects that originated in a "'full-fledged fight' in which [the] police officer and suspect [were] scuffling and rolling on the ground."[11] We viewed this event as a physically traumatic event, amplified by subsequent on-the-job traumas giving rise to a cumulative psychological injury.[12]

---

[8] *Id.* at 62 (footnote omitted).

[9] Emphasis added.

[10] *West*, 52 S.W.3d at 566-67.

[11] *Id.* at 567.

[12] *Id.*

7

In *Kubajak v. Lexington-Fayette Urban County Government*, we reinforced *West*'s limited application to physically traumatic events and denied recovery to an employee whose condition was the result of purely "observing gruesome crime scenes."[13] Kubajak failed to adequately convince the ALJ that his psychological condition had a genesis in a physically traumatic event.[14] The ALJ has the duty to determine the credibility of witnesses and conflicting evidence, and only if the evidence is so overwhelming will we disturb the ALJ's causation finding.[15] Kubajak's medical experts did not make a definitive statement connecting the psychological issues with a physically traumatic event or series of events. Rather, the ALJ found Kubajak's PTSD was brought on by "after-the-fact exposure to scenes of physical trauma to others and that any physically traumatic events were insignificant."[16] We affirmed the Court of Appeals holding that unlike the plaintiff in *West*, Kubajak failed to meet his burden of proof that he, in fact, sustained an "injury" as defined by KRS 342.0011, and that this injury was the proximate cause of his psychological harm.[17]

In the case before us, the Board and Court of Appeals found not that the ALJ erred in deciding that Rodriguez's psychological harm was not related to a physical injury, but rather erred in limiting her review to the physical injury of

---

[13] 180 S.W.3d 454, 455 (Ky. 2005).

[14] *Id.*

[15] *Id.* at 459.

[16] *Id.*

[17] *Id.* at 459-60.

January 11, 2016. In doing so, the ALJ failed to fully address whether prior physically traumatic events may have caused Rodriguez's PTSD. KCSD argues the cumulative psychological trauma was not sufficiently pled and therefore not properly before the ALJ. However, after reviewing the Form 101, we hold that Rodriguez sufficiently pled the cumulative nature of his psychological injury. Specifically, in describing how the accident or injury occurred, Rodriguez's narrative includes the statement, "[p]laintiff also claims PTSD, recently diagnosed with prior physical injury precursors." The use of the plural "precursors" in the phrase "prior physical injury precursors[,]" was sufficient to put KCSD on notice that Rodriguez was alleging multiple physically traumatic events as possible causes of his psychological injury. These physically traumatic events predated the January 11, 2016 slip-and-fall.

In support of his psychological injury claim, Rodriguez submitted treatment records from Dr. Platoni. Dr. Platoni's summary of her treatment records indicated Rodriguez's PTSD was the result of exposure to multiple and horrific traumatic events but did not tie the PTSD to any single physically traumatic event. Her statement was, instead, a general statement of causation. In his deposition and hearing testimony, Rodriguez testified to a series of events, some with a physical injury that predated his PTSD diagnosis. Many of these same events are catalogued in Dr. Platoni's actual treatment notes from her interviews with Rodriguez. Dr. Allen's report from his independent psychological exam notes that Rodriguez reported PTSD as a result of multiple traumatic events he experienced in his service as a deputy sheriff. Dr. Allen

9

definitively stated Rodriguez's PTSD was not the result of the January 2016 injury but failed to address whether the earlier events precipitated the onset of the PTSD. In her report, Dr. Platoni attributed a fifty-two percent disability rating to Rodriguez's PTSD, while Dr. Allen found Rodriguez's PTSD to be mild and attributed a five percent disability rating. Based on the conflicting record, the Board and Court of Appeals correctly remanded to the ALJ for specific findings as to whether Rodriguez met his burden of tying his PTSD to these earlier events under *West* and if Rodriguez's PTSD is compensable, the correct disability rating to apply.

## IV. CONCLUSION

For the above stated reasons, we affirm the Court of Appeals and remand this case to the ALJ for further proceedings consistent with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT, KENTON COUNTY SHERIFF'S DEPARTMENT:

Thomas L. Ferreri
Taylor Alexander Mayer
Ferreri Partners, PLLC


COUNSEL FOR APPELLEE, MIGUEL RODRIGUEZ:

Peter Anthony Tripp
Lawrence & Associates, LLC


ADMINISTRATIVE LAW JUDGE:

Tanya Gaye Pullin


WORKERS' COMPENSATION BOARD:

Michael W. Alvey, Chairman