RENDERED: JANUARY 21, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1033-WC

QUAD/GRAPHICS, INC.                                                      APPELLANT

PETITION FOR REVIEW OF A DECISION
v.                  OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-20-00877

ROBERT BARTOLOMEO;
WORKERS' COMPENSATION BOARD;
AND HONORABLE STEPHANIE L. KINNEY,
ADMINISTRATIVE LAW JUDGE                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE: Quad/Graphics, Inc. (Quad) petitions for review of an opinion by

the Workers' Compensation Board (Board) affirming an opinion and award by the

Administrative Law Judge (ALJ) to Robert Bartolomeo. Quad argues that the

ALJ's award of permanent partial disability (PPD) benefits was not supported by

substantial evidence and that the ALJ failed to properly carve out Bartolomeo's disability related to his prior back injuries. We conclude that the ALJ's award was supported by substantial evidence and that the carve out found by the ALJ was not clearly erroneous. Hence, we affirm.

Prior to his employment with Quad, Bartolomeo worked at Max Daetwyler as an electronics control specialist for approximately 18 years. Prior to that, Bartolomeo worked as a maintenance technician, a maintenance electro-mechanic, a service manager, and a shift mechanic. Bartolomeo began working for Quad as a corporate electrician in April 2013. He was based in Charlotte, North Carolina for two years repairing machinery. Bartolomeo moved to the Quad facility in Versailles, Kentucky in 2015, working as an electronic control specialist and then as a master electrician. He repaired and added equipment, modified programs, and maintained printing presses, finishing equipment, binding equipment, compressors, and compactors.

Bartolomeo underwent low back surgeries in 1998, 2001, and 2003, all to the same part of the back, performed by Dr. Raymond Sweet in Charlotte, North Carolina. He testified that he improved after each surgery and was able to return to work without restrictions. Dr. Robert Knetsche, an orthopedic surgeon, performed a lumbar fusion in September 2017. The surgery improved

Bartolomeo's right leg problems, but he eventually developed problems in his lower left extremity.

Bartolomeo testified that he developed problems with his thumbs that he attributed to using screwdrivers and wrenches to turn screws and bolts. He testified that he continues to experience low back pain and has trouble walking. He reported quivers or tremors in his legs after standing five to ten minutes, and he can only sit for thirty minutes at a time. He also reported constant left shoulder pain and difficulty lifting his left arm. Bartolomeo reported problems with both thumbs, worse on the left. Bartolomeo testified he does not believe he can return to the job he performed on the date of injury, in particular the mechanical work.

Bartolomeo filed a Form 101, Claim Number 2020-00877, on June 29, 2020, alleging he sustained injuries to his head, neck, back, left leg, and left foot caused by cumulative trauma in the course and scope of his employment with Quad. The Form 101 was subsequently amended to include injuries to his left shoulder and bilateral thumbs also allegedly caused by cumulative trauma.

Bartolomeo also filed a Form 103, Claim Number 2020-00878, alleging occupational hearing loss due to repetitive exposure to loud noise at the workplace, identifying March 27, 2020, as his date of last exposure. The claims were consolidated on August 25, 2020. The ALJ de-consolidated the claims on February 19, 2021, the same day she rendered her decision. This particular appeal

will not address any evidence related to Bartolomeo's occupational hearing loss claim.

Dr. Julie Ann Martin, D.C., evaluated Bartolomeo on May 27, 2020, and prepared a report dated June 9, 2020. After noting his history of lumbar conditions and surgeries, Dr. Martin diagnosed Bartolomeo with lumbar radiculitis as well as cervical, thoracic, and lumbar dysfunction. Dr. Martin also concluded that Bartolomeo's work activities at Quad aroused his underlying cumulative trauma into disabling reality.

Dr. Bruce Guberman evaluated Bartolomeo on October 14, 2020. After noting Bartolomeo's prior treatments and surgeries, Dr. Guberman diagnosed Bartolomeo with several conditions, all caused by cumulative trauma experienced at work. These conditions included: degenerative joint disease and degenerative disc disease of the lumbosacral spine, degenerative joint disease and degenerative disc disease of the cervical spine, degenerative joint disease and impingement of the left shoulder, and degenerative joint disease of both thumbs. Dr. Guberman also noted Bartolomeo last worked on March 27, 2020, when he was laid off due to COVID-19. Dr. Guberman assessed a 34% impairment rating pursuant to the 5th Edition of the American Medical Association *Guides to the Evaluation of Permanent Impairment* ("*AMA Guides*"). Of this rating, he attributed 29% to the lumbar condition, 4% to the left shoulder, 2% to the left thumb, and 1% to the right

thumb.[1]  Dr. Guberman determined there was no prior active impairment.  He concluded Bartolomeo does not have the physical capacity to return to the type of work he performed at Quad.

Dr. Richard Lyon evaluated Bartolomeo at Quad's request on October 18, 2020, and prepared a report dated October 19, 2020.  He discussed Bartolomeo's previous history of low back pain.  Bartolomeo reported he developed cervical problems accompanied by cracking and popping, and he sought medical treatment eight to nine months later.  He also noted Bartolomeo's complaints of headaches and hand tremors in both thumbs.  Dr. Lyon diagnosed lumbalgia with complaints of radiation into the left lower extremity, left shoulder impingement syndrome, bilateral thumb carpometacarpal (CMC) arthritis, and cervicalgia.  Dr. Lyon found Bartolomeo's work at Quad did not cause his lumbar complaints.  He likewise found no evidence of a neck injury caused by cumulative trauma.  Dr. Lyon assessed a 22% impairment rating pursuant to the *AMA Guides*, of which he attributed 10% to the 2017 surgery.  He attributed the left leg complaints to lumbar radiculopathy.  He stated Bartolomeo needs no work restrictions, and likewise needs no additional treatment.

---

[1] Our recitation of the figures is based upon the record on appeal.  The parties have not addressed any mathematical discrepancies, and neither do we.

Dr. Lyon testified by deposition on November 12, 2020. He noted Bartolomeo reported his left shoulder and thumbs were painful, but he did not report an injury. He reported his left shoulder became painful two years prior to the purported injury, which he believed was caused by heavy lifting. Dr. Lyon believed any left shoulder problem resulted from the natural aging process. He specifically stated the left shoulder problem was not caused by work. He noted Bartolomeo has a loss of shoulder range of motion and he diagnosed left shoulder impingement syndrome. Dr. Lyon assessed a 3% impairment rating pursuant to the *AMA Guides*; regardless of the cause the problem did not warrant the imposition of restrictions. Dr. Lyon also found Bartolomeo's thumb complaints were caused by the natural aging process and assessed a 0% impairment.

Dr. Lyon further testified that Bartolomeo has a significant low back injury history with three surgeries between 1998 and 2003. He stated the 2017 surgery was necessitated by continued degeneration/deterioration of the low back not caused by work. He also stated that Bartolomeo warranted a 13% impairment rating pursuant to the *AMA Guides* prior to the 2017 surgery, which was not necessitated or hastened by work activities. He again attributed the need for surgery to the natural aging process. Dr. Lyon admitted that the *AMA Guides* provide for an increased 10% impairment rating due to the fusion surgery. He also admitted that his impairment ratings differ from Dr. Guberman's due to the range

of motion measurements. Nevertheless, Dr. Lyon saw no need to impose any restrictions and stated that he found nothing to prevent Bartolomeo from returning to his pre-injury job. Despite this latter conclusion, Dr. Lyon found no evidence of malingering.

After considering this evidence and the other medical evidence of record, the ALJ issued an opinion and award on February 19, 2021. The ALJ found that Bartolomeo sustained injuries to his low back and both thumbs caused by cumulative trauma. She determined that Bartolomeo did not sustain a work-related left leg or foot injuries, and likewise did not sustain a left shoulder injury. The ALJ determined that Bartolomeo had reached maximum medical improvement as of October 14, 2020, when Dr. Guberman evaluated him. The ALJ considered Dr. Lyon's opinions but did not find them to be persuasive or credible. Rather, the ALJ awarded PPD benefits based on the 31% rating assessed by Dr. Guberman for the low back and thumb injuries, excluding the impairment related to the left shoulder. The ALJ additionally awarded medical benefits for the low back and thumb conditions.

Quad filed a petition for reconsideration on March 3, 2021, arguing that the ALJ erred in finding that Bartolomeo suffered a compensable low back injury and pointing out a typographical error. The ALJ entered on order on March 15, 2021, denying Quad's petition but correcting the typographical error. In a

second petition filed on March 29, 2021, Quad argued that the ALJ should reconsider the award based on the then-recent opinion of the Kentucky Supreme Court in *ViWin Tech Windows & Doors, Inc. v. Ivey*, 621 S.W.3d 153 (Ky. 2021). After considering the new authority, the ALJ reduced the award of PPD benefits by 13% due to Bartolomeo's previous low back surgeries. Consequently, the ALJ awarded PPD benefits based upon a combined 18% rating.

On further review, the Board found that the ALJ properly weighed and assessed the evidence. The Board further found that the ALJ properly applied the holding of *ViWin Tech*. Consequently, the Board affirmed the ALJ's award. This petition for review followed.

Quad first argues that the Board denied it a meaningful review by failing to address the substantive issues of law it raised and that such failure constitutes a denial of due process and the arbitrary exercise of power in violation of the Kentucky Constitution and KRS[2] 342.285(2). But after reviewing both the ALJ's opinion and award and the Board's opinion, we conclude that the Board accurately summarized all of the ALJ's findings and that the Board addressed all issues which Quad raised. Therefore, we find this issue to be without merit.

Quad primarily argues that the ALJ's award was not supported by substantial evidence. It is well-established that a claimant in a workers'

---

[2] Kentucky Revised Statutes.

compensation claim bears the burden of proving each essential element of his claim. *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 928 (Ky. 2002). As the fact-finder, the ALJ has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Where the evidence is conflicting, the ALJ has the sole authority to believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same party's total proof. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

"If the party with the burden of proof is successful before the ALJ, the question on appeal is whether the ALJ's opinion was supported by substantial evidence." *GSI Commerce v. Thompson*, 409 S.W.3d 361, 364 (Ky. App. 2012). In order to reverse the decision of the ALJ, it must be shown there was no substantial evidence of probative value to support her decision. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). The function of this Court's review is to correct the Board only where the Court perceives that the Board has overlooked or misconstrued controlling statutes or precedent or committed an error in assessing the evidence so flagrant as to cause gross injustice. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

Quad contends that the ALJ erred by relying on Dr. Guberman's opinion because his opinion was not based on an accurate medical history. But as

noted above, the ALJ thoroughly described all the testimony. The ALJ acknowledged that these prior surgeries and injuries contributed to the low back impairment. Nevertheless, the ALJ accepted Dr. Guberman's conclusion that Bartolomeo sustained a low back cumulative-trauma injury that manifested into disabling reality as a result of his work activities. Under the circumstances, we cannot find this conclusion to be clearly erroneous.

In the alternative, Quad argues that *ViWin Tech* requires a carve out of all impairment related to the prior surgeries. In *ViWin Tech*, the Kentucky Supreme Court held that the *AMA Guides* and KRS 342.730(1)(b) require the fact finder to carve out any active spinal impairment attributable to a non-work-related injury. 621 S.W.3d at 158. Even if the prior condition was completely asymptomatic, the Court found it is "completely illogical to conclude that a worker who has had two prior surgeries of the type Ivey had and who reinjures himself at the precise same location can be said not to have a pre-existing condition." *Id.* Thus, the Court held that any impairment attributable to the prior condition must be excluded from the final award. *Id.* at 159.

In this case, however, the ALJ found on reconsideration that 13% of Bartolomeo's impairment rating was attributable to his prior surgeries. Quad merely contends that the evidence compelled a higher carve out, but it does not state what different amount should have been excluded. As noted above, the ALJ

-10-

expressly rejected Dr. Lyon's opinion that Bartolomeo has no impairment rating attributable to his work activities with Quad. But the ALJ did accept Dr. Lyon's conclusion that Bartolomeo had a 13% impairment rating prior to his 2017 surgery. Therefore, we find that the ALJ acted within her discretion in assessing the evidence, and the Board properly affirmed the ALJ's findings.

Accordingly, we affirm the August 26, 2021, opinion by the Board affirming the ALJ's February 19, 2021, opinion and award, as amended on March 15, 2021, and April 19, 2021.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jo Alice Van Nagell
Brian W. Davidson
Lexington, Kentucky

BRIEF FOR APPELLEE
ROBERT BARTOLOMEO:

McKinnley Morgan
Dan Scott
London, Kentucky