RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1051-WC

KIMBERLY MORICONI                                            APPELLANT


PETITION FOR REVIEW OF A DECISION
v.        OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-18-93632


KENTON COUNTY BOARD OF
EDUCATION; DR. BRIAN
BRATHWAITE; HONORABLE
STEPHANIE KINNEY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND TAYLOR, JUDGES.

COMBS, JUDGE:  The Appellant, Kimberly Moriconi, appeals from an opinion of

the Workers' Compensation Board (the Board) affirming the dismissal of her claim

for medical benefits by the Administrative Law Judge (ALJ). After our review, we affirm.

On January 7, 2020, Moriconi, a bus driver for the Kenton County Board of Education (KCBOE), filed a Form 101/Application for Resolution of Injury Claim. Moriconi alleged that she sustained multiple injuries to her spine and upper extremities -- as well as anxiety and panic attacks -- as the result of a February 15, 2018, motor vehicle accident (MVA) that occurred in the course and scope of her employment.

The claim was litigated. Moriconi relied upon the report of Dr. Hughes, a neurologist, who performed an Independent Medical Examination (IME) on her behalf. KCBOE relied upon its own IME reports from Dr. Bender, an orthopedic surgeon, and Dr. Ruth, a psychiatrist. The Board's Opinion contains a detailed summary of their reports, which we have reviewed and need not repeat here.

On March 18, 2022, the ALJ conducted a final hearing. After the hearing, the parties settled the case except for the issue of the compensability of medical expenses, which was reserved for the ALJ to decide. The Form 110/Agreement as to Compensation, approved April 5, 2022, reflects as follows:

> The parties acknowledge and agree that this is a compromised settlement of a disputed claim. . . .

Plaintiff's claims for all medical expenses for treatment of her alleged low back injury, neck injury, and psychological injuries shall be decided by the Administrative Law Judge. . . . Aside from compensability of medical expenses, there are no other contested issues.

By opinion and order rendered April 26, 2022, the ALJ dismissed Moriconi's claim for additional medical benefits with prejudice as follows in relevant part:

> This ALJ examined and weighed the conflicting evidence in this claim carefully. After doing so, this ALJ finds Moriconi did not sustain a permanent cervical or low back injury as a result of the work-related motor vehicle accident. Additionally, this ALJ finds Moriconi does not suffer from a work-related psychiatric condition. In making these findings, the ALJ relied on Drs. Bender and Ruth.

> This ALJ considered Dr. Hughes' opinions but found cause to reject those. First, Dr. Hughes diagnosed a work-related psychiatric condition that caused panic attacks and loss of sleep. However, he incorrectly noted Moriconi did not experience those symptoms prior to the work accident. His history was incorrect and impacted the persuasiveness of his causation opinion under *Cepero v. Fabricated Metals Corp.*, 132 S.W.3d 839 (Ky. 2004).

> Secondly, Moriconi's lumbar and cervical MRI did not show any acute findings as explained by Dr. Bender. These studies showed degenerative changes, which in some instances may be compensable. However, Moriconi experienced prior symptoms that were not disclosed to Dr. Hughes. Also, Dr. Hughes did not review Dr. King's[1] prior treatment notes. As a result,

---

[1] Dr. King is a chiropractor.

-3-

this ALJ finds Dr. Bender's opinions are more persuasive because he reviewed more relevant treatment records and had a clearer understanding of Moriconi's prior treatment. Consequently, Moriconi's claim for additional medical benefits is dismissed with prejudice.

On April 29, 2022, Moriconi filed a petition for reconsideration. By Order of May 17, 2022, the ALJ denied the petition as an improper re-argument of the merits.

Moriconi appealed to the Board, which affirmed by opinion rendered on August 5, 2022, as follows:

> Substantial evidence supports the ALJ's determination Moriconi's injuries are not work-related, the contested procedures are therefore not compensable, and a contrary result is not compelled. The ALJ was confronted with the conflicting opinions of Drs. Hughes, Bender, and Ruth. Both Drs. Bender and Ruth opined Moriconi's injuries were not caused by the MVA, while Dr. Hughes opined they were. The ALJ chose to rely upon Drs. Bender and Ruth, in conjunction with the treatment records, in determining there was no work-related causation. Accordingly, based on the entirety of the evidence reviewed, the ALJ found Dr. Bender's opinions more persuasive. Dr. Bender's opinion constitutes substantial evidence supporting the ALJ's determination.

The Board determined that the ALJ sufficiently outlined the evidence upon which she relied, and it agreed with her reasoning for doing so. The Board disagreed with Moriconi's argument that the ALJ failed to properly analyze whether her pre-existing conditions were dormant or active, explaining as follows:

-4-

By accepting the 0% impairment rating assigned by Drs. Bender and Ruth, she implicitly rejected Moriconi's contention that the work injury aroused her pre-existing condition. Additionally, Dr. Bender specifically opined Moriconi had an 8% active pre-existing condition, which the ALJ also implicitly adopted. Thus, the ALJ adequately considered the evidence, provided a sufficient analysis, and a contrary result is not compelled.

Moriconi argued that Dr. Bender's causation opinion was unreliable because it was based upon his review of Dr. King's records, which -- according to Moriconi -- were incomprehensible. The Board was not persuaded and addressed that argument as follows:

> We note Moriconi filed a Motion to Strike Dr. King's records before the ALJ, which she denied. The admissibility of the records was not raised on appeal. Since those records were admitted into evidence over Moriconi's objection, this argument goes to the weight of the evidence. We note Dr. Bender was not deposed; therefore, other than his report, there is no evidence specifically establishing what portion of Dr. King's records he relied upon in reaching his determination. We find Dr. Bender's opinions constitute substantial evidence upon which the ALJ could rely, and we will not disturb her determinations.

Moriconi has appealed. Our standard of our review is well settled as set forth by *Western Baptist Hosp. v. Kelly,* 827 S.W.2d 685, 687-88 (Ky. 1992):

> The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [this] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.

-5-

Moriconi argues that the Board did not address whether Dr. Bender's opinions should be considered substantial evidence because of his reliance upon Dr. King's records. We disagree. As noted above, the Board found that Dr. Bender's opinions constitute substantial evidence.

> [T]he rule is: The claimant bears the burden of proof and risk of persuasion before the [ALJ]. If he succeeds in his burden and an adverse party appeals . . . , the question before the court is whether the decision of the [ALJ] is supported by substantial evidence. On the other hand, if the claimant is unsuccessful before the [ALJ], and he himself appeals . . . , the question before the court is whether the evidence was so overwhelming, upon consideration of the entire record, as to have compelled a finding in his favor.

*Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984).

Moriconi believes that Dr. Bender's opinions are tainted because he relied upon Dr. King's records. Therefore, she argues that the Board should have determined that the ALJ's findings based upon Dr. Bender's opinions were erroneous as a matter of law. We disagree.

After KCBOE filed Dr. King's treatment records, Moriconi filed a motion to strike on grounds that the records were illegible and incomprehensible. In response, KCBOE explained that Dr. King's records were relevant and probative in light of Moriconi's deposition testimony, which was vague regarding her prior treatment with Dr. King. KCBOE contended that although portions of the

records were difficult to read, they provided clarity regarding the dates of chiropractic treatment prior to the accident. By order of April 6, 2020, the ALJ denied Moriconi's motion to strike Dr. King's records. As the Board noted, the admissibility of Dr. King's records was not raised as an issue on appeal. Thus any argument goes to the weight of the evidence. We agree.

"Where, as here, the medical evidence is conflicting, the question of which evidence to believe is the exclusive province of the ALJ." *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993). As was her prerogative, the ALJ elected to believe Dr. Bender.

> KRS[2] 342.285 provides that an ALJ's decision is "conclusive and binding as to all questions of fact" and that the Board "shall not substitute its judgment for that of the [ALJ] as to the weight of evidence on questions of fact." KRS 342.290 limits the scope of review by the Court of Appeals to that of the Board and also to errors of law arising before the Board. Thus, the court explained in *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985), and *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977), that an ALJ has the sole discretion to determine the quality, character, and substance of evidence and that an ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof.

*FEI Installation, Inc. v. Williams*, 214 S.W.3d 313, 316 (Ky. 2007).

---

[2] Kentucky Revised Statutes.

Moriconi contends that the ALJ failed to perform an appropriate analysis of whether her pre-existing changes were dormant or active. She also contends that the Board failed to address the issue. We disagree on both counts. As noted above, the Board explicitly addressed the issue and concluded that a contrary result was not compelled. We agree with the Board's analysis; *i.e.*, that by relying upon Dr. Bender, who assigned an 8% **active** pre-existing condition, the ALJ implicitly rejected Moriconi's contention that the work injury aroused a pre-existing, **dormant** condition.

Moriconi also argues that the ALJ ignored the claimant's own uncontroverted testimony. "[T]he testimony of an interested witness does not bind the fact-finder even when it is uncontradicted. Thus, the [claimant's testimony] would permit but does not compel a favorable finding." *Miller v. Square D Co.*, 254 S.W.3d 810, 814 (Ky. 2008).

Our review does not reveal that the Board overlooked or misconstrued controlling statutes or precedent -- or that it committed any error in assessing the evidence.

Therefore, we affirm.


ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

Gregory N. Schabell                     Scott M. Guenther
Covington, Kentucky                     Covington, Kentucky