**DUFF TRUCK LINES, INC., Appellant,**

v.

**Thomas L. VEZOLLES; Scott M. Miller, as attorney for Thomas Vezolles; Robert L. Whittaker, Director of Special Fund; Hon. Donna H. Terry, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees,**

**Thomas L. Vezolles; and Scott M. Miller, as attorney for Thomas Vezolles, Cross-Appellants,**

v.

**Duff Truck Lines, Inc.; Hon. Robert L. Whittaker, Director of Special Fund; Hon. Donna H. Terry, Chief Administrative Law Judge; and Workers' Compensation Board, Cross-Appellees.**

**Nos. 1998–CA–001197–WC, 1998–CA–001386–WC.**

Court of Appeals of Kentucky.

Aug. 27, 1999.

William P. Swain, Denise M. Askin, Louisville, KY, for Appellant/Cross–appellee Duff Truck Lines, Inc.

Scott M. Miller, Louisville, KY, for Appellees/Cross–appellants Thomas L. Vezolles and Scott M. Miller.

Benjamin C. Johnson Louisville, KY, for Appellee/Cross–appellee Special Fund.

Before GUIDUGLI, HUDDLESTON, and McANULTY, Judges.

*OPINION*

McANULTY, Judge.

The issue in this appeal is whether an attorney who successfully defended an employee's claim for medical expenses in a reopening of a workers' compensation settlement is entitled to an attorney fee. We have reviewed the applicable law, and affirm the opinion of the Workers' Compensation Board (hereinafter, the Board) which held that the award of attorney fees was appropriate for a medical fee dispute.

Thomas L. Vezolles, appellee/cross-appellant, (hereinafter, Vezolles) sustained a work-related injury in the course of his employment with Duff Truck Lines, Inc., appellant/cross-appellee, (hereinafter, Duff) on August 30, 1985. The case was settled in June 1989, with Vezolles receiving a lump-sum disability payment. In April 1997, Duff filed a motion to reopen in order to contest its obligation to pay chiropractic expenses incurred by Vezolles. The decision of the arbitrator finding that

the treatment was reasonable and necessary was affirmed by the Chief Administrative Law Judge (CALJ), who ordered Duff to pay the contested expenses.

Thereafter, in November 1997, Scott Miller, as attorney for Vezolles, filed a motion for an attorney fee in the amount of $500. The CALJ denied the motion on December 16, 1997, on the ground that an attorney fee cannot be granted pursuant to KRS 342.320(7) when no additional income benefits have been recovered. Vezolles and Miller appealed to the Board which found "no prohibition in Kentucky against the award of attorney fees in a claim such as this." The Board held that the attorney is entitled to an "appropriate recompense to be taken from the amount recovered," and reversed and remanded the case for the CALJ to determine the amount of the attorney fee award.

On appeal, Duff claims that the Board erred because KRS 342.320 authorizes the recovery of attorney fees only in connection with an award of income benefits, not for an award of medical fees. In addition, the Special Fund joins in the argument of Duff urging the denial of the motion for attorney fees. The question of whether an attorney is entitled to recover attorney fees in a case other than one for recovery of income benefits has been a source of uncertainty. In *Peabody Coal Co. v. Goforth*, Ky., 857 S.W.2d 167, 169 (1993), the Supreme Court observed:

> While KRS 342.320 authorizes a fee to the worker's attorney for successfully prosecuting a claim for income benefits or a reopening, it is silent regarding other instances in which a worker may be required to employ an attorney to protect his interests, for example: for prosecuting a claim for medical expenses where the worker seeks no award of temporary or permanent occupational disability benefits; for prosecuting an action to recover unpaid or disputed medical expenses ...; or for defending the claimant's interest when the employer or Special Fund moves to reopen to challenge such bills or to reduce the award.

Because that issue was not precisely before the Court, the Supreme Court did no more than acknowledge the existence of the question. Since *Goforth* was rendered, KRS 342.320 has been substantially amended by the General Assembly in 1994 and at the First Extraordinary Session in December 1996.

When a reopening is involved, as in this case, the applicable provision is KRS 342.320(7) (previously (6)), which states:

> In a claim that has been reopened pursuant to the provisions of this chapter, an attorney's fee may be awarded by the arbitrator or administrative law judge subject to the limits set forth in subsection (2) of this section. In awarding the attorney's fee, the arbitrator or administrative law judge shall consider the factors set forth in subsection (3) of this section. If no additional amount is recovered upon reopening, no attorney's fee shall be awarded. No attorney's fee shall be allowed or approved exceeding the amounts provided in subsection (2)(b) of this section applicable to any additional amount recovered.

In subsection (2)(b), the statute expresses the maximum limit of the amount of the award in terms of income benefits, but the statute does not confine the award of attorney fees to actions involving income benefits. Furthermore, the statute read as a whole expresses no reason to require an award of income benefits before attorney fees may be awarded. Moreover, the legislative purpose of this subsection authorizing an attorney fee for the reopening of a claim is to encourage attorneys to undertake such representation and to ensure an opportunity for injured workers to exercise their rights. *Napier v. Scotia Coal Co.*, Ky., 874 S.W.2d 377 (1993).

The function of the Court of Appeals in reviewing a Board decision is "to correct the Board only where the the[sic]

Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, Ky., 827 S.W.2d 685, 687–688 (1992). We do not find that the Board has misconstrued the applicable law in this case. Thus, we affirm the opinion of the Board granting an award of attorney fees and remanding to an administrative law judge for a determination of the amount of an appropriate award and the method of payment.

Having affirmed the decision of the Board, it is unnecessary to reach the issue raised in the cross-appeal filed by Vezolles and Miller.

ALL CONCUR.