## MILLERSBURG MILITARY INSTITUTE, Appellant,

v.

Julian **PUCKETT; Hon. R. Scott Borders, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2007–SC–000549–WC.

Supreme Court of Kentucky.

April 24, 2008.

Rehearing Denied Sept. 18, 2008.

⬷905

John Steven Harrison, L. Forgy & Associates, PLLC, Frankfort, KY, for Appellant, Millersburg Military Institute.

Harry E. Budden, Jr., Paris, KY, for Appellee, Julian Puckett.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) awarded the claimant two years of permanent total disability benefits under KRS 342.730(1) and (4) and granted the employer credit for wages that it paid during the compensable period as well as for voluntary temporary total disability (TTD) benefits. The Workers' Compensation Board (Board) affirmed. This appeal is taken from a decision of the Court of Appeals to reverse on the ground that Chapter 342 does not authorize a credit for bona fide wages and that there is no suggestion that the wages were anything but bona fide. We affirm.

The claimant was born in 1933. The defendant-employer hired him as a full-time maintenance worker in 1992. He injured his back when he fell from a height of about 12 feet while painting some bleachers on December 1, 2003. He was over 65 years of age at the time and received Social Security benefits.

The claimant sought medical treatment but worked without interruption until February 2004. He received voluntary TTD benefits from February 13, 2004, through April 10, 2004; returned to work; and received TTD again from December 6, 2004, through April 25, 2005, due to surgery for a lumbar compression fracture that the accident caused. He acknowl-

edged that he was unable to perform full-duty work after the accident and stated that he last worked on November 16, 2005, when the employer cut his time down to two hours per day and wanted him to pick up heavy bags of trash. He explained that he could understand why the employer would not want to pay him "just to be there" because he could no longer climb ladders or paint. He had a lifting limit of five to ten pounds and "just couldn't do the job." He filed an application for benefits on November 23, 2005.

The claimant's orthopedic surgeon assigned a 15% permanent impairment rating in October 2005, based on an L3 compression fracture and S1 radiculopathy that resulted from the accident. Treatment notes from March 2006 characterize a subsequent L2 compression fracture as being a new, non-work related injury. Although the claimant asserted that the work-related injury was permanently and totally disabling, the employer argued that it was only partially disabling.

Noting the claimant's age, physical condition, and work history, the ALJ determined under *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48 (Ky.2000), that he was permanently and totally disabled by the work-related injury and that he had been so since it occurred. The ALJ determined that the employer paid TTD benefits at the rate of $159.41 per week but that the correct total disability rate was $201.44 per week. Applying KRS 342.730(4), the ALJ limited the award to a period of two years from the date of injury based on the claimant's age and eligibility for normal old-age Social Security benefits.

The award contained the usual phrase granting the employer credit "for any ben-

efits previously paid." A dispute arose over the amount of the credit; thus, the claimant raised the matter in his petition for reconsideration. The ALJ denied the petition and granted the employer credit against the award for both the post-injury wages and TTD payments. Appealing, the claimant argued, among other things, that the award should not have been offset by his post-injury wages. Although the Board affirmed, the Court of Appeals determined that Chapter 342 does not authorize a credit for bona fide wages and reversed.

■ Workers' compensation is a statutory creation under which workers and employers agree to forego common law remedies/liability for workplace injuries and to subject themselves to the provisions of Chapter 342. At one time Kentucky granted an employer credit for weeks in which an injured worker continued to work for the same employer at the same or a greater wage than when injured under what was known as the "Ditty Rule." *Hawkins Brothers Coal Co. v. Thacker*, 468 S.W.2d 256 (Ky.1971), points out that the legislature abolished the rule as it affected partial disability cases in 1952 and that *E. & L. Transport Co. v. Hayes*, 341 S.W.2d 240 (Ky.1960), abolished it subsequently in total disability cases. *Williams v. Eastern Coal Corp.*, 952 S.W.2d 696, 701 (Ky.1997), explains that workers' compensation benefits are awarded by statute; therefore, they may not be offset by other disability benefits "absent some statutory authority to do so."

KRS 342.730 provides certain offsets against income benefits but does not include post-injury wages.[1] KRS 342.040(1)

---

1. KRS 342.730(5) requires income benefits to be offset by unemployment insurance benefits paid during any period of temporary or permanent total disability. Likewise, KRS 342.730(6) requires an offset for payments made under an employer-funded disability or sickness and accident plan that provides income benefits for the same disability and con-

requires an employer to pay income benefits when a worker misses more than seven days of work due to a work-related injury and imposes interest on past-due benefits. Thus, *Triangle Insulation and Sheet Metal Co. v. Stratemeyer*, 782 S.W.2d 628 (Ky. 1990), determined that employers are entitled to credit voluntary benefits against past-due income benefits on a dollar-for-dollar basis but that future income benefits must not be affected. The court reasoned that such a policy encourages employers to pay benefits voluntarily and ultimately benefits injured workers. Larson, *Larson's Workers' Compensation Law,* Chapter 82 (2006), notes that an employer may be permitted to receive credit for post-injury wages if the facts indicate that it intended to pay them in lieu of compensation.

■ The employer argues that the Court of Appeals erred by determining that the claimant received bona fide wages where even he acknowledged that he was unable to return to full duty after the injury. It also argues that the decision permits the claimant to receive more benefits for the two-year period after the injury than if he had not been injured because he will receive both his wages and income benefits. We disagree.

■ An employer seeking credit against its workers' compensation liability has the burden to show a proper legal basis for the request. The ALJ failed to state a reason for granting the credit, and the employer has failed to show a proper legal basis. The evidence indicates that the employer paid the claimant to perform light-duty work after his injury and surgery but eventually reduced his hours to the point that he quit. The employer's position before the ALJ was that the injury was only partially disabling. We note that had the

ALJ agreed, KRS 342.730(1) would have entitled the claimant to receive partial disability benefits in addition to his wage. Having failed to convince the ALJ that the claimant was only partially disabled or to appeal the finding of permanent total disability, the employer now relies on KRS 342.0011(11)(c) and *Gunderson v. City of Ashland,* 701 S.W.2d 135 (Ky.1985), to argue that it actually considered the claimant to be totally disabled from the outset and intended to pay the post-injury wages in lieu of compensation.

*Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986), explains that a finding of fact that favors the party with the burden of proof must be reasonable under the evidence. Nothing in the record supports the employer's argument. Thus, the ALJ erred by granting a credit.

■ The employer's argument that the claimant would receive more "benefits" for the two-year period after the injury confuses wages and benefits. Wages are paid for performing labor; income benefits are paid for work-related disability. The claimant's wages were "bona fide" because they were paid ostensibly for labor and because the evidence did not permit a reasonable finding that the employer intended to pay them in lieu of workers' compensation benefits.

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J., and CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur. ABRAMSON, J., not sitting.

tains no internal offset for workers' compensation benefits.