Gordon T. RAGER and Deatherage, Myers, Self & Lackey, Acting by and through W. Douglas Myers, Partner, Appellants

v.

CRAWFORD & COMPANY; Hon. Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2007–SC–000567–WC.

Supreme Court of Kentucky.

June 19, 2008.

W. Douglas Myers, Deatherage, Myers & Haggard, Hopkinsville, KY, for appellants, Gordon T. Rager, et al.

James Gordon Fogle, Curtis Scott Sutton Ferreri & Fogle, Louisville, KY, for appellee, Crawford & Company.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) awarded the claimant's attorney a fee for successfully defending a post-award medical dispute. Finding that the employer had reasonable grounds to bring the dispute, the ALJ refused to impose liability for the fee on the employer. The Workers' Compensation Board (Board) affirmed the decision, and the Court of Appeals affirmed the Board. We also affirm. KRS 342.320(7) permits an ALJ to award an attorney's fee in a medical reopening, but KRS 342.310 provides the only statutory basis to impose the fee on the employer. The appellants have not challenged the denial of sanctions under KRS 342.310.

The claimant and his employer agreed to settle the claim for a 1998 injury under terms that required the employer to pay future medical expenses. An ALJ approved the agreement, after which the claimant incurred expenses for medical treatment and sought approval for an additional back surgery. The employer moved to reopen to contest the reasonableness and necessity of the proposed surgery; whereupon, the claimant raised certain other unpaid medical bills. He also asserted that the reopening was unreasonable and requested sanctions in the form of attorney's fees.

The ALJ determined ultimately that the medical expenses and surgery were reasonable and ordered the employer for pay for them. Finding that the employer had a reasonable basis to contest the expenses, the ALJ denied the claimant's request for sanctions. Subsequent orders awarded a fee to the claimant's attorney and directed the claimant to pay it personally. The claimant and his attorney appealed.

The appellants argue that the ALJ erred by failing to order the employer to pay the attorney's fee in addition to the disputed medical expenses. They cite no statutory authority but argue that the employer failed to pay the claimant's reasonable and necessary medical expenses without litigation; therefore, it should be required to pay for the legal services incurred in defending the reopening. They argue as a matter of public policy that to do otherwise would discourage attorneys from representing workers in medical fee disputes and also argue that the claimant will be unable to pay for the surgery if he must also pay his attorney.

KRS 342.320 provides, in pertinent part, as follows:

(2) In an original claim, attorney's fees for services under this chapter on behalf of an employee shall be subject to the following maximum limits:

(a) Twenty percent (20%) of the first twenty-five thousand dollars ($25,000) of the award, fifteen percent (15%) of the next ten thousand dollars ($10,000), and five percent (5%) of the remainder of the award, not to exceed a maximum fee of twelve thousand dollars ($12,000). *This fee shall be paid by the employee from the proceeds of the award or settlement. (emphasis added).*

. . . .

(4) No attorney's fee in any case involving benefits under this chapter shall be paid until the fee is approved by the administrative law judge, and any contract for the payment of attorney's fees otherwise than as provided in this section shall be void. The motion for approval of an attorney's fee shall be submitted within thirty (30) days following finality of the claim. *Except when the attorney's fee is to be paid by the employer or carrier, the attorney's fee shall be paid in one (1) of the following ways:*

*(a) The employee may pay the attorney's fee out of his personal funds or from the proceeds of a lump-sum settlement: or*

*(b) The administrative law judge, upon request of the employee, may order the payment of the attorney's fee in a lump sum directly to the attorney of record and deduct the attorney's fee from the weekly benefits payable to the employee in equal installments over the duration of the award or until the attorney's fee has been paid, commuting sufficient sums to pay the fee.* (emphasis added).

(5) At the commencement of the attorney-client relationship, the attorney shall explain to the employee the methods by which this section provides for the payment of the attorney's fee, and the employee shall select the method in which his attorney's fee is to be paid.

. . . .

(7) In a claim that has been reopened pursuant to the provisions of this chapter, an attorney's fee may be awarded by the administrative law judge subject to the limits set forth in subsection (2) of this section. In awarding the attorney's fee, the administrative law judge shall consider the factors set forth in subsection (3) of this section. If no additional amount is recovered upon reopening, no attorney's fee shall be awarded. No attorney's fee shall be allowed or approved exceeding the amounts provided in subsection (2)(a) of this section applicable to any additional amount recovered.

Chapter 342 holds an injured worker responsible for his or her own attorney's fee. KRS 342.320(2)(a) authorizes a fee for legal services performed in an initial claim and states that the fee "shall be paid by the employee from the proceeds of the award or settlement." KRS 342.320(7) au-thorizes an attorney's fee for obtaining an additional recovery at reopening. The court explained In *Duff Truck Lines, Inc. v. Vezolles,* 999 S.W.2d 224 (Ky.App.1999), that the provision encourages attorneys to represent workers in reopening proceedings and applies whether a reopening is for income benefits, medical benefits, or both. KRS 342.320(5) requires a worker to select a method for paying the attorney's fee at the commencement of the attorney-client relationship. "Except when the attorney's fee is to be paid by the employer or carrier," KRS 342.320(4) offers two methods for payment. KRS 342.320(4)(a) permits the worker to pay the fee from personal funds. KRS 342.320(4)(b) permits the worker to request an order requiring the employer to pay the fee and then deduct it from weekly benefits.

KRS 342.310 provides the only statutory basis to require an employer or insurance carrier to pay the worker's attorney's fee from its own funds rather than the worker's benefits. It permits an ALJ to assess "the whole cost of the proceedings," including attorney's fees, on a party who "brought, prosecuted, or defended [the claim] without reasonable ground." The claimant and his attorney present policy reasons to impose the worker's attorney's fee on the employer when only medical expenses are at issue, but workers' compensation is a statutory creation. Thus, the proper forum for the argument is the legislature. The ALJ found "reasonable grounds" for the employer's challenge in this case; therefore, the requirements of KRS 342.310 were not met.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.