# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 2, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000391-WC

QUAD/GRAPHICS, INC. 

APPELLANT

ON APPEAL FROM COURT OF APPEALS
V. 

CASE NO. 2013-CA-002063-WC
WORKERS' COMPENSATION NO. 12-01160

MARIO HOLGUIN;
HONORABLE EDWARD D. HAYS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD 

APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Quad/Graphics, Inc., ("Quad") requests review of a Court of Appeals decision which affirmed the denial of an offset for light duty wages paid to Appellee, Mario Holguin, for a period he was awarded temporary total disability ("TTD") benefits. Quad argues that the Court of Appeals, Workers' Compensation Board ("Board"), and Administrative Law Judge ("ALJ") erred by denying it an offset because it is unfair to pay full TTD benefits to Holguin when he is also being paid regular wages. For the below stated reasons, we affirm the Court of Appeals.

Holguin suffered a work-related injury at Quad when the tip of the third finger on his left hand was severed by a machine. The finger tip was

successfully reattached by surgery that day. Holguin was then released to "one handed duty" and returned to work the next day. He was placed in several light duty jobs by Quad from December 28, 2011 through February 12, 2012. The light duty work performed by Holguin during this period included checking books for printing errors, painting the facility, and odd jobs. Cynthia Maynard, Quad's safety coordinator, testified that the work performed by Holguin would not have been assigned to an employee under normal conditions. She stated the jobs were assigned to Holguin in an attempt to find work which he could complete within the constraints of his physical restrictions. While on light duty, Holguin was not allowed to work overtime like he was accustomed. Quad contended that the wages paid to Holguin were not *bona fide*, but were paid as a benefit to him and should be treated as being paid in lieu of TTD benefits.

The ALJ awarded Holguin TTD benefits from December 28, 2011, to February 12, 2012. The ALJ found that Holguin had not reached maximum medical improvement and that he was not able to physically perform his customary work during that time period. *See Central Kentucky Steel v. Wise*, 19 S.W.3d 657 (Ky. 2000). The ALJ further stated:

> The next question is whether [Quad] is entitled a credit for the continuation of wages or pay that was paid by [Quad] to [Holguin] against the [TTD] benefits owed to [Holguin]. [Quad] acknowledged that the continuation of pay was for 40 hours only and that no overtime was permitted. It is undisputed that [Holguin] previously worked substantial overtime . . . [Quad] argues that [Holguin's] work assignments did not constitute *bona fide* work and thus argued that the principles enunciated in *Millersburg Military Institute v. Puckett*, 260 S.W.3d 339 (Ky. 2008) are not applicable. [Quad] argues that the pay received by [Holguin] was a gift.

2

The burden is on the employer when seeking a credit against its workers' compensation liability. The Act contains two bases for an offset of the employer's liability to pay workers' compensation income benefits by non-compensation income benefits paid to the employee. KRS 342.730(5) provides for an offset or credit for unemployment benefits paid to the employee. Clearly, this exception is not applicable in this case. KRS 342.730(6) provides that certain payments made under a non-compensation disability plan funded solely by the employer may offset the employer's statutory obligation to pay [TTD] benefits. However, the plan must qualify and comply with the statute. In the case at hand, the policy or program of [Quad] does not comply with this statutory provision. [Quad] makes no attempt to show that its light duty policy bears any resemblance with a program that is attempting compliance with the statute. Based on the facts and circumstances of this case, the ALJ finds that the money paid by [Quad] to Mr. Holguin during the period of time in question cannot possibly qualify for a credit against the obligatory payments of [TTD] benefits to which [Holguin] was entitled.

(Emphasis in original). A petition for reconsideration was filed by Quad but denied.

Quad appealed the denial of an offset for the wages it paid Holguin to the Board. The Board affirmed and found as a matter of law that Holguin was paid *bona fide* wages.[1] The Court of Appeals affirmed, and this appeal followed.

The ALJ has the sole discretion to determine the quality, character, and substance of the evidence and to draw all reasonable inferences from that evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). The Board's review of the ALJ's opinion was limited to determining whether the

---

[1] The Board determined Holguin received *bona fide* wages because to be paid he had to show up for work. However we note that *Millersburg Military Institute* states that wages are *bona fide* when "they were paid ostensibly for labor *and* because the evidence did not permit a reasonable finding that the employer intended to pay them in lieu of workers' compensation benefits." 260 S.W.3d at 342 (emphasis added).

3

evidence was sufficient to support his findings, or if the evidence compels a different result. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Additionally, "an employer seeking credit against its workers' compensation liability has the burden to show a proper legal basis for the request." *Millersburg Military Institute*, 260 S.W.3d at 342.

KRS 342.730 provides two circumstances where an employer can receive a credit against its TTD benefits obligation. KRS 342.730(5) allows an offset for unemployment benefits paid during a period in which TTD or permanent total disability benefits were paid. KRS 342.730(6) provides for an offset for payments made under a qualifying employer-funded disability or sickness and accident plan. Quad does not argue it is entitled to a credit under these statutes and the ALJ found that neither provision applied in this matter. Those findings are supported by the record.

However, Quad does argue that it should receive an offset against the TTD benefits obligation it owes Holguin for the period he received light duty wages because the work he performed was not *bona fide*. Quad argues that it voluntarily paid Holguin his regular salary and benefits in lieu of paying him TTD benefits and should receive a credit as granted in *Triangle Insulation and Sheet Metal Co. v. Stratemeyer*, 782 S.W.2d 628 (Ky. 1990). In that matter a

4

credit for voluntary payments paid against past-due income benefits on a dollar for dollar basis was allowed as long as future income benefits were not affected. *See Millersburg Military Institute*, 260 S.W.3d at 342. Quad argues that if it does not receive the offset, Holguin receives an unfair and unnecessary windfall. Quad contends that without an offset for the light duty wages, employers will stop placing its injured employees on light duty work and the result will force employees to live off of reduced TTD benefits.

While Quad makes a good public policy argument in favor of receiving an offset, the workers' compensation statutes do not allow for a credit like the one requested in this situation. "Workers' compensation is a statutory creation. Thus, the proper forum for the argument is the legislative." *Rager v. Crawford & Co.*, 256 S.W.3d 4, 6 (Ky. 2008). Quad has failed to satisfy its burden to present a proper legal basis for its offset request. *Millersburg Military Institute*, 260 S.W.3d at 342.

Thus, for the above stated reasons, we affirm the opinion of the Court of Appeals.

All sitting. All concur.

5

COUNSEL FOR APPELLANT,
QUAD/GRAPHICS, INC.:

Jo Alice Van Nagell
Lori VanHoose Daniel
Patrick Joseph Murphy, II


COUNSEL FOR APPELLEE,
MARIO HOLGUIN:

Larry Duane Ashlock