RENDERED: MARCH 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0414-WC

KENTUCKY EMPLOYERS
MUTUAL INSURANCE                                                      APPELLANT


|  | PETITION FOR REVIEW OF A DECISION |
|---|---|
| v. | OF THE WORKERS' COMPENSATION BOARD |
|  | ACTION NO. WC-17-71184 |


JUSTIN THELE; DESIGNED ELECTRICAL
INTEGRATORS; METHODIST HOSPITAL;
MIDWEST SURGERY CENTERS, LLC;
ST. FRANCIS MEDICAL CENTER;
MIDWEST NEUROSURGEONS;
SOUTHEAST MISSOURI ANESTHESIA;
HONORABLE JOHN MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                              APPELLEES


AND                                    NO. 2021-CA-0418-WC


DESIGNED ELECTRICAL INTEGRATORS                          APPELLANT


|  | PETITION FOR REVIEW OF A DECISION |
|---|---|
| v. | OF THE WORKERS' COMPENSATION BOARD |
|  | ACTION NO. WC-17-71184 |

JUSTIN THELE; KENTUCKY EMPLOYERS
MUTUAL INSURANCE;
MIDWEST SURGERY CENTERS, LLC;
ST. FRANCIS MEDICAL CENTER;
MIDWEST NEUROSURGEONS;
SOUTHEAST MISSOURI ANESTHESIA;
METHODIST HOSPITAL;
HONORABLE JOHN MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                          APPELLEES


AND                                      NO. 2021-CA-0508-WC


JUSTIN THELE                                              CROSS-APPELLANT


CROSS-PETITION FOR REVIEW OF A DECISION
v.                OF THE WORKERS' COMPENSATION BOARD
                         ACTION NO. WC-17-71184


KENTUCKY EMPLOYERS MUTUAL
INSURANCE; DESIGNED ELECTRICAL
INTEGRATORS; MIDWEST SURGERY
CENTERS, LLC; ST. FRANCIS MEDICAL
CENTER; MIDWEST NEUROSURGEONS;
SOUTHEAST MISSOURI ANESTHESIA;
METHODIST HOSPITAL;
HONORABLE JOHN MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                          CROSS-APPELLEES


- 2 -

<u>OPINION</u>
<u>VACATING AND REMANDING</u>

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: This consolidated matter involves three orders[1] of an Administrative Law Judge (ALJ) which, in sum, awarded appellee/cross-appellant, Justin Thele, permanent partial disability and medical benefits from his former employer (appellant/cross-appellee, Designed Electrical Integrators (DEI)) and his former employer's workers' compensation carrier (appellant/cross-appellee Kentucky Employers Mutual Insurance (KEMI)). The parties ask this Court to review various aspects of a March 21, 2021, opinion of the Workers' Compensation Board (Board) which, following its separate review on the merits, affirmed the ALJ's award in part, vacated in part, and remanded for purposes of allowing the ALJ to resolve an issue that the ALJ had intentionally left unresolved – namely, Thele's outstanding claim against DEI and KEMI for sanctions.

As discussed below, we are unable to review the merits of this matter because (1) the ALJ never resolved Thele's outstanding claim for sanctions, which rendered the ALJ's orders at issue interlocutory; and (2) the administrative

---

[1] At issue are the Administrative Law Judge's: (1) March 21, 2019, interlocutory opinion and award; (2) October 20, 2020, opinion, award, and order; and (3) November 4, 2020, order on petition for reconsideration.

- 3 -

procedure that could have otherwise authorized the Board to review this interlocutory matter was never invoked. Accordingly, we vacate the Board's opinion and direct the Board to dismiss these appeals.

BACKGROUND

On August 10, 2017, Justin Thele was injured in the course and scope of his employment with DEI; he was working on a platform attached to a scissor-lift to access motors for an overhead conveyor system in a HomeGoods warehouse in Brownsburg, Indiana, when a HomeGoods employee ran a forklift into the scissor-lift and caused him to fall. On February 28, 2018, he initiated this workers' compensation matter. And, over the course of the proceedings that followed, several contested issues were identified and litigated between Thele, DEI, and KEMI, including, among others: (1) jurisdiction under the Kentucky Workers' Compensation Act (the Act); (2) the extent and duration of Thele's work-related injuries and disability; and (3) the extent of Thele's entitlement to income and medical benefits.

With that said, the ALJ resolved some of these issues shortly after DEI and KEMI initiated a dispute regarding their obligation to pay several medical expenses Thele claimed he had incurred for the treatment of his work injury – expenses which, according to a December 12, 2018, filing of record, amounted to

- 4 -

approximately $400,000;[2] and which DEI and KEMI refused to pay solely because, in their view, jurisdiction under the Act was lacking. Prompted by this dispute, the ALJ entered a March 21, 2019, interlocutory order finding that jurisdiction under the Act existed; Thele's claimed medical expenses were related to his August 10, 2017, work injury and therefore compensable pursuant to Kentucky Revised Statute (KRS) 342.020; and, that any additional medical expenses "reasonably required for the cure and relief from the effects of his work related injuries" were likewise compensable.

Over the two years of administrative proceedings that followed, Thele asserted DEI and KEMI nevertheless largely refused without explanation to pay or reimburse him for the approximately $400,000 in medical expenses the ALJ's March 21, 2019, order had deemed compensable. Accordingly, Thele claimed sanctions were warranted, entitling him to an award representing his total amount of attorney's fees and costs. *See* KRS 342.310.[3] And, at Thele's behest,

---

[2] To be exact, Thele submitted medical bills from Midwest Surgery Center, LLC ($38,585), Southeast Missouri Anesthesia Services, LLC ($4,737), Midwest Neurosurgeons ($43,260), and Indiana University Health ($337,480.76).

[3] Thele has never identified the statutory basis of his request for sanctions, but "KRS [Kentucky Revised Statute] 342.310 provides the only statutory basis to require an employer or insurance carrier to pay the worker's attorney's fee from its own funds rather than the worker's benefits." *Rager v. Crawford & Co.*, 256 S.W.3d 4, 6 (Ky. 2008). In relevant part, KRS 342.310 provides:

> (1) If any administrative law judge, the board, or any court before whom any
> proceedings are brought under this chapter determines that such proceedings have
> been brought, prosecuted, or defended without reasonable ground, he or it may
> assess the whole cost of the proceedings which shall include actual expenses but

"sanctions for Failure to pay medical bills previously ordered to be paid" was listed as a contested issue in the ALJ's final benefit review conference order and memorandum of August 5, 2020.

Subsequently, the parties completed discovery and submitted briefs outlining their respective positions, including their respective positions regarding sanctions. And, in an October 4, 2020, Opinion, Award and Order, the ALJ resolved *most* of the contested issues presented for adjudication. The relevant substance of the order may be non-exhaustively summarized as follows:

- Thele's claim, the ALJ reiterated, fell within the jurisdiction of the Act;

- Thele sustained a compensable Chance L1 fracture; fractured pelvis; concussion; and injury to his left elbow, wrist, and hand on August 10, 2017, in the course and scope of his work for DEI;

- Thele did not sustain an annular tear at L5/S1 due to the August 10, 2017, work incident. Therefore, neither the annular tear, nor a February 28, 2019, surgery Thele underwent to treat it, were compensable;

- Thele's injuries due to the August 10, 2017, work incident warranted a 27% impairment rating consistent with the American Medical Association's

---

not be limited to the following: court costs, travel expenses, deposition costs, physician expenses for attendance fees at depositions, attorney fees, and all other out-of-pocket expenses upon the party who has so brought, prosecuted, or defended them.

*Guidelines to the Evaluation of Permanent Impairment*, 5th Edition (AMA

*Guides*); and

- Thele was not permanently totally disabled within the meaning of KRS

   342.0011(11)(c), but he was entitled to have the "three" multiplier of KRS

   342.730(1)(c)1. applied to his award of permanent partial disability benefits.

The ALJ also resolved issues pertaining to vocational rehabilitation;

subrogation credit; and approximately fifteen medical disputes that KEMI and DEI

had initiated between May 3, 2018, and April 17, 2020. However, the ALJ left the

contested issue of sanctions unresolved, stating in relevant part:

> Defendants [DEI and KEMI] are order [sic], within 20
> days of this order, to provide a statement of what medical
> expenses and reimbursements were paid pursuant to the
> March 21, 2019[,] Interlocutory Opinion. Defendants are
> ordered to provide an explanation for any medical
> expenses not paid that were reflected in Thele's
> December 12, 2018[,] filing. The ALJ reserves a ruling
> on sanctions until after the Defendants' complies [sic]
> with this order.

Opinion, Award, and Order at 30.

For its part, DEI filed no response to the ALJ's directive. KEMI, on

the other hand, filed a "compliance" statement on October 14, 2020, representing it

had paid for Thele's "present and continued treatment in compliance with KRS

342.020" following the March 12, 2019, interlocutory order. But, noting it had

petitioned the ALJ to revisit whether Thele's claim fell within the jurisdiction of

- 7 -

the Act – and noting its intention to later file an appeal to the same effect – KEMI denied responsibility for paying Thele's "past unpaid medical expenses" (*i.e.*, the expenses Thele had identified in his December 12, 2018, filing) until the question of jurisdiction was finally resolved by an appellate tribunal.

On November 4, 2020, the ALJ then entered an order denying KEMI's petition for reconsideration and resolving various other issues Thele had raised in a separate petition. Importantly, the November 4, 2020, order also did not address the issue of sanctions.

Subsequently, KEMI appealed to the Board and Thele cross-appealed. But, Thele also moved the Board to "abate" or "remand" the appeals, arguing both appeals stemmed from a decision of the ALJ that remained non-final due to the unresolved issue of sanctions.

Without elaboration, the Board denied Thele's motion. And, after considering the arguments set forth in the parties' respective briefs – including Thele's argument that the operative effect of 803 Kentucky Administrative Regulation (KAR) 25:010 § 22 required the Board to dismiss both appeals – the Board proceeded to review the ALJ's decision on the merits. In an opinion entered March 19, 2021, the Board affirmed with respect to the ALJ's conclusions that (1) Thele's claim fell within the jurisdiction of the Act; (2) Thele was not permanently totally disabled; and (3) Thele's L5-S1 annular tear and related surgery were not

compensable.  It vacated the ALJ's finding that Thele's work-related injury

warranted a 27% impairment rating according to the AMA *Guides* and remanded

for additional findings, explaining that the ALJ's rating had only accounted for

impairment to Thele's lumbar spine, but had improperly failed to consider

impairment to his thoracic spine.

And, regarding Thele's argument that the operative effect of 803 KAR

25:010 § 22 required the Board to dismiss both appeals, the Board held:

> Thele argues the October 4, 2020[,] decision is
> interlocutory in nature as it did not address the issue of
> sanctions, and therefore, is not final and appealable.
> Thele is correct that the ALJ did not address this issue in
> his Opinion.  We therefore remand for the ALJ to
> determine whether sanctions are applicable.

March 19, 2021, Board's Opinion at 30.

In other words, the Board acknowledged Thele's argument, but

stopped short of substantively addressing it.  These appeals followed.

STANDARD OF REVIEW

> In the context of workers' compensation
> proceedings, the claimant has the burden of proof and the
> risk of non-persuasion before the ALJ with regard to
> every element of his claim.  *See Roark v. Alva Coal
> Corporation*, 371 S.W.2d 856 (Ky. 1963); *Wolf Creek
> Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984);
> *Snawder v. Stice*, 576 S.W.2d 276 (Ky. App. 1979).
> KRS 342.285 designates the ALJ as the finder of fact in
> workers' compensation cases, and gives the ALJ the sole
> discretion to determine the quality, character, and
> substance of evidence.  As fact-finder, an ALJ may reject

- 9 -

any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same party's total proof. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

Thereafter, an appeal of the ALJ's decision is permitted, but KRS 342.285(2) and KRS 342.290 collectively prohibit the Board or subsequent reviewing courts from considering new or additional evidence, or substituting their judgment for that of the ALJ as to the weight of evidence on questions of fact. The scope of administrative and judicial review of an ALJ's decision is limited to determining whether the ALJ "acted without or in excess of his powers;" whether the decision "was procured by fraud;" or whether the decision was erroneous as a matter of law. *See* KRS 342.285(2)(a)-(e) and KRS 342.290. Legal errors would include whether the ALJ misapplied Chapter 342 to the facts; made a clearly erroneous finding of fact; rendered an arbitrary or capricious decision; or committed an abuse of discretion. *Id*.

*Ford Motor Co. (LAP) v. Curtsinger*, 511 S.W.3d 922, 930 (Ky. App. 2017). With respect to our review of an opinion of the Board, we only reverse when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

ANALYSIS

In Appeal No. 2021-CA-0414-WC, KEMI contests the Board's conclusion that the ALJ properly determined Thele's injury fell within the jurisdiction of the Act. In Appeal No. 2021-CA-0418-WC, DEI argues the Board

exceeded its authority in remanding on the issue of impairment associated with Thele's L1 Chance fracture. In Cross-Appeal No. 2021-CA-0508-WC, Thele contests the Board's decision to affirm the ALJ's conclusions that he was not entitled to permanent total disability benefits, and that his L5-S1 surgery was non-compensable.

As stated at the onset, however, the ALJ's failure to address the contested issue of sanctions is dispositive as it precluded the Board from addressing the merits of this case. Regarding why, we begin with the premise that the subject matter jurisdiction of administrative agencies, such as the Office of Workers' Claims and the Workers' Compensation Board, extends only to those matters that are expressly delegated by the legislature. *See Custard Ins. Adjusters, Inc. v. Aldridge*, 57 S.W.3d 284, 287 (Ky. 2001). Thus, administrative appeals brought by grant of a statute, as here, are subject to strict compliance with the statute's dictates, and appellate jurisdiction is not properly invoked unless the party seeking to do so meets the conditions precedent to the appellate tribunal's exercise of jurisdiction. *See Belsito v. U-Haul Co. of Kentucky*, 313 S.W.3d 549, 551 (Ky. 2010). Here, KRS 342.285(1) defines the Board's subject matter jurisdiction, subjecting the Board's review of an ALJ's order to the administrative regulations promulgated by the commissioner of the Department of Workers' Claims. In turn, the operative regulation, 803 KAR 25:010 § 22(2), provides in relevant part:

- 11 -

(a) Within thirty (30) days of the date a *final* award, order, or decision rendered by an administrative law judge pursuant to KRS 342.275(2) is filed, any party aggrieved by that award, order, or decision may file a notice of appeal to the Workers' Compensation Board.

(b) As used in this section, *a final award, order, or decision shall be determined in accordance with Civil Rule 54.02(1) and (2).*

(Emphasis added.)

Considering the administrative adoption of Kentucky Rules of Civil Procedure (CR) 54.02, the Board's subject matter jurisdiction relative to its appellate authority is limited to reviewing awards, orders, or decisions that are *final* within the meaning of that rule. Accordingly, it was the obligation of the Board and remains the obligation of this Court – even in the absence of a motion from the parties[4] – to determine whether the ALJ's orders in this matter qualified as such.[5] If they did not, the Board effectively assumed jurisdiction where it did not exist. As such, we turn to CR 54.02, which provides in relevant part:

---

[4] The parties note in their respective briefs before this Court that the issue of sanctions remains unresolved, but Thele does not reassert his argument that the Workers' Compensation Board (Board) should have dismissed these appeals.

[5] *See, e.g.*, *Basin Energy Co. v. Howard*, 447 S.W.3d 179, 187 (Ky. App. 2014) (explaining in relation to an appeal from the Board, "[a] reviewing body or court has an affirmative obligation to ensure that it is acting within its subject-matter jurisdiction. Even if not raised by the parties, a court must dismiss if it determines at *any* point in the litigation that it lacks subject-matter jurisdiction. The parties cannot confer jurisdiction by failing to raise the issue either intentionally or unintentionally."); *see also Wilson v. Russell*, 162 S.W.3d 911, 913-14 (Ky. 2005) (internal quotation marks, brackets, and footnotes omitted) (explaining that while neither the parties nor the Court of Appeals had identified as an issue the fact that the underlying judgment was not final within the meaning of Kentucky Rules of Civil Procedure 54.02,

(1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(2) When the remaining claim or claims in a multiple claim action are disposed of by judgment, that judgment shall be deemed to readjudicate finally as of that date and in the same terms all prior interlocutory orders and judgments determining claims which are not specifically disposed of in such final judgment.

To be clear, there is no dispute that Thele's request for sanctions against DEI and KEMI remains unresolved. Moreover, his request qualified as one of the "claims," "rights," or "liabilities" that must be resolved before an award, order, or decision may be deemed final and appealable absent the finality language of CR 54.02(1). *See, e.g.*, *Hampton v. Intech Contracting*, *LLC*, 581 S.W.3d 27,

---

"jurisdiction may not be waived, and it cannot be conferred by consent of the parties. This Court must determine for itself whether it has jurisdiction. As there is no final order or judgment from which to appeal, the Court of Appeals was without jurisdiction. And it has long been a fundamental maxim that a court will not assume jurisdiction where it does not exist.").

- 13 -

32 (Ky. 2019) (explaining a circuit court's order that failed to resolve a pending claim for attorney's fees and costs pursuant to KRS 342.310(1), and which failed to include the finality language of CR 54.02(1) (*i.e.*, that the judgment was final and that there was no just reason for delay) remained interlocutory).  Furthermore, none of the orders at issue in these appeals recited the finality language of CR 54.02(1).  Consequently, when the Board rendered its opinion of March 21, 2021, it improperly addressed the merits of an interlocutory dispute and, thus, "overlooked or misconstrued" the statute controlling its appellate jurisdiction. *Kelly*, 827 S.W.2d at 687-88.

CONCLUSION

Considering the Board's lack of jurisdiction, we accordingly vacate the Board's opinion.  Upon remand, the Board is directed to dismiss the underlying appeals in this matter.

ALL CONCUR.

BRIEF FOR APPELLANT/CROSS-APPELLEE, KENTUCKY EMPLOYERS MUTUAL INSURANCE:

Lyn Douglas Powers
Louisville, Kentucky

BRIEF FOR APPELLANT/CROSS-APPELLEE, DESIGNED ELECTRICAL INTEGRATORS:

R. Christion Hutson
Paducah, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT, JUSTIN THELE:

Jeffery A. Roberts
Murray, Kentucky