RENDERED:  APRIL 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0867-WC

DART CONTAINER COMPANY, INC.                                    APPELLANT


PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-70726


JUSTIN BAILEY; AMANDA M.
PERKINS, ADMINISTRATIVE LAW
JUDGE; AND WORKERS'
COMPENSATION BOARD                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Dart Container Company, Inc., (Dart) has petitioned this

Court for review of the decision of the Workers' Compensation Board (the Board)

reversing the decision of the Administrative Law Judge (the ALJ).  The Board

determined that Dart was not entitled to an offset for post-injury wages it paid to

Justin Bailey against past due temporary total disability (TTD) benefits the ALJ awarded him because it did not file timely proof of net wages pursuant to Kentucky Revised Statutes (KRS) 342.730(7). We affirm.

Bailey, who was born in 1983 and is a high school graduate, began working for Dart as a machine operator in 2002. On August 5, 2017, he sustained a work-related injury to his head when he fell after being electrocuted. As a result, Bailey received TTD benefits from Dart from August 6, 2017, through January 9, 2020, at a rate of $547.17 over 127 weeks for a total of $70,601.40. While Bailey attempted to return to work about six months after the incident, he fell and hit his head again. He successfully returned to work approximately two and one-half years after the injury date.

Bailey filed an application to resolve his injury claim on October 5, 2021, in which he alleged an injury to his brain, and, in an amended application, neurological, cervical spine, and right shoulder injuries. As Bailey's physical issues are not before the Court, we shall not address the various medical proof introduced into evidence.

At the Benefit Review Conference (BRC), held in November 2022, the parties stipulated to various facts, including the payment of TTD benefits as set forth above and the amount of Bailey's pre-injury average weekly wage (AWW). Contested issues included when Bailey was entitled to TTD benefits and whether

Dart was entitled to a credit for wages paid during the payment of TTD benefits as well as any overpayment. After the BRC, the ALJ kept proof open to allow the filing of a rebuttal medical report and "post-injury wage records." Thereafter, Dart filed corrected AWW forms establishing a pre-injury AWW of $822.69 and a post-injury AWW of $1,269.90. The AWW form showing post-injury earnings included the total gross pay Bailey received each week. The ALJ held a formal hearing in December, during which the parties agreed that Bailey was alleging he did not have the physical capacity to return to the work he was performing at the time of the injury, but they stipulated that he had returned to work for Dart at the same or greater wage. The ALJ ordered the parties to file simultaneous briefs and amended Bailey's pre-injury AWW to $822.69.

In its post-hearing brief, Dart argued that it was entitled to a credit for TTD benefits it paid to Bailey. Dart had paid Bailey TTD benefits from August 6, 2017, through January 9, 2020. But Bailey, Dart claimed, had also received wages from Dart in the amount of $11,197.58[1] between November 11, 2017, and June 22, 2019, for which Dart asserted it was owed an offset pursuant to KRS 342.730(7). Dart also sought a credit for overpayment of TTD benefits after June 25, 2018, when Dart argued Bailey had reached maximum medical improvement (MMI)

---

[1] This amount is incorrect. Bailey received gross wages of $5,598.39 during this time period.

pursuant to a physician's conclusion that he was able to return to work. In his brief, Bailey addressed the TTD issue as follows:

> The defendant is alleging a credit for wages paid during the TTD period as well as overpayment of TTD. The post-injury wage records filed by the defendant indicate that Mr. Bailey's first paycheck on returning to work is dated 8/14/21. Since Dr. Nazar did not put Bailey at MMI until 12/1/21, Mr. Bailey would be entitled to TTD until he returned to work on 8/14/21. In short, there was no wages paid during plaintiff's period of TTD, nor was he overpaid TTD. Consequently, the defendant is entitled to no such credits.

The ALJ entered an opinion, award, and order on February 16, 2023, concluding that Bailey had sustained a 15% permanent impairment due to his headaches and dizziness/vestibular condition but none to his shoulder or neck. After finding that Bailey had the physical capacity to perform his pre-injury work, the ALJ calculated his permanent partial disability (PPD) award to be $82.27 per week for 425 weeks beginning August 5, 2017 (with exceptions for periods when TTD benefits were awarded). Relevant to this appeal, the ALJ went on to address TTD, noting that "Dart paid TTD benefits from August 6, 2017, through January 9, 2020, at the weekly rate of $547.47." It then determined that Bailey had reached MMI as of January 25, 2020.

> Thus, the ALJ finds Bailey is entitled to TTD benefits at the weekly rate of $548.46 from August 25, 2017, through January 25, 2020. Dart shall take credit for benefits previously paid.

Dart also argues it is entitled to a credit for wages paid during TTD under KRS 342.730(7). Dart alleges it paid Bailey wages in the amount of $11,197.58 between November 11, 2017, and June 22, 2019. Under KRS 342.730(7), Dart is entitled to a weekly credit for wages paid during periods of modified or alternate work and [TTD] paid.

Both Bailey and Dart filed petitions for reconsideration. Dart's petition addressed the date Bailey reached MMI and, therefore, the date on which TTD benefits should be terminated. Bailey's petition addressed whether Dart was entitled to a credit pursuant to KRS 342.730(7) because it had not filed net wage records for the time period during which the ALJ awarded it a credit, meaning that there was no way to calculate the credit. He cited to the Board's opinion in *Jennifer Whitaker v. Irvine Nursing & Rehab.*, Claim No. 2019-86691, in support of his position. In response, Dart disputed that Bailey should be permitted to receive duplicative payments of both TTD benefits and wages during the TTD period.

In addition to its petition, Dart filed a notice of filing of corrected wage records showing post-tax net wages. It described its failure to do so earlier as a harmless, administrative error. In the notice, Dart stated that it was due a credit of $4,534.81, which it calculated from the records of Bailey's gross wages, less taxes. Bailey objected to this notice as it was an attempt to file additional proof without any authority under the Regulations. In reply, Dart pointed out that

Bailey had not objected to the initial filing of post-injury wage records showing that wages were paid during the TTD period, and the ALJ's order did not specify the amount of the credit. Dart also discussed the policy against double recovery. The ALJ overruled Bailey's objection and permitted the corrected wage records to remain in the record.

On April 29, 2023, the ALJ entered orders denying the parties' respective petitions for reconsideration. As to Bailey's petition, the ALJ distinguished the Board's holding in *Whitaker*, stating:

> Here, the ALJ allowed Dart to file corrected wage records showing the net wages paid. Unlike *Whitaker*, Dart filed the records whereas [Irvine Nursing] never filed the corrected wages. The ALJ's finding that Dart is entitled to a credit for net wages paid is consistent with established case law that avoids penalizing employers who voluntarily pay benefits[.]

Bailey appealed the decisions to the Board, arguing that the ALJ erred in permitting Dart to file the wage records once the award had been entered and in allowing Dart a credit against TTD benefits for wages it had paid. In an opinion entered June 23, 2023, the Board reversed in part and remanded, holding that "Dart is not entitled to the credit sought since it did not timely file evidence of such entitlement." This petition for review now follows.

In its petition, Dart argues that the Board improperly reversed the ALJ's decision to permit the filing of the corrected post-injury wage records and

-6-

apply an offset to TTD payments as Dart requested. Bailey contends that the Board did not exceed its authority.

The Supreme Court of Kentucky set forth the applicable standard of review in workers' compensation appeals in *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685 (Ky. 1992). Our function is to correct a decision of the Board only where we perceive that "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id*. at 687-88.

The question in this case is whether the Board misconstrued KRS 342.730(7) in determining that Dart's failure to file evidence of Bailey's post-injury net wages until after the ALJ entered its opinion, order, and award prevented it from obtaining a credit. We agree with Bailey that the Board correctly decided this issue.

KRS 342.730 addresses the determination of income benefits, including whether an offset is available due to payments from unemployment insurance benefits (subsection (5)); from exclusively employer-funded disability plans, disability retirement plans, sickness and accident plans, or salary continuation (subsection (6)); or, as in this case, from the payment of TTD benefits. Subsection (7) addresses TTD and provides as follows:

> Income benefits otherwise payable pursuant to this
> chapter for temporary total disability during the period

the employee has returned to a light-duty or other alternative job position shall be offset by an amount equal to the employee's gross income minus applicable taxes during the period of light-duty work or work in an alternative job position.

*Id.* The record reflects that Bailey received wages from Dart during a portion of time for which the ALJ awarded him TTD benefits.

Our first consideration is whether the ALJ properly permitted the corrected post-injury wage records to remain in the record. We review evidentiary rulings for abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000); *see also Pauly v. Chang*, 498 S.W.3d 394, 411 (Ky. App. 2015). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Pursuant to KRS 342.275(2), the ALJ "may grant continuances or grant or deny any benefits afforded under this chapter, including interlocutory relief, according to criteria established in administrative regulations promulgated by the commissioner." 803 Kentucky Administrative Regulations (KAR) 25:010 §13 addresses the BRC process, and in subsection (13) provides, "Upon motion with good cause shown, the administrative law judge may order that additional discovery or proof be taken between the BRC and the date of the hearing."

As Bailey points out in his brief, there is no statutory or regulatory authority that would permit the ALJ to extend proof once it issues an order or award. Here, the ALJ, after the BRC but prior to the hearing, properly permitted Dart to file post-injury wage information. But it had no authority to permit Dart to file corrected post-injury wage records after it had issued its award and in response to Bailey's petition for reconsideration. Post-award, KRS 342.281 limits the ALJ "in the review [of a petition for reconsideration] to the correction of errors patently appearing upon the face of the award, order, or decision[.]" That statute contains nothing about permitting additional proof to be filed. Therefore, we must hold that the ALJ acted arbitrarily and, therefore, abused its discretion in permitting the corrected post-injury wage records showing net wages to remain in the record and support the offset.

Next, we shall consider Dart's argument that KRS 342.730(7) does not require taxes to be quantified and in evidence before an offset may be permitted. Dart contends that the amount of the offset is immaterial to whether one is allowed, while Bailey argues that it was Dart's burden to prove prior to the entry of the award. In reversing the ALJ's ruling, the Board essentially adopted its holding in *Whitaker*. Because we agree with the Board's holding on this issue, we shall adopt its reasoning in the present case as our own:

> Statutes and duly promulgated regulations are open
> to construction only if the language contained therein is

ambiguous and requires interpretation. If, on the other hand, the language of the statute or regulation is clear and unambiguous on its face, statutory construction mandates that we follow the provision's plain meaning. *Layne v. Newberg*, 841 S.W.2d 181 (Ky. 1992); *Overnite Transportation v. Gaddis*, 793 S.W.2d 129 (Ky. App. 1990); *Claude N. Fannin Wholesale Co. v. Thacker*, 661 S.W.2d 477 (Ky. App. 1983).

In this instance, we find nothing ambiguous within the explicit language of KRS 342.730(7). KRS 342.730(7), as amended, is clear. The credit against income benefits for post-injury wages encompasses the "employee's gross income <u>minus applicable taxes</u>." (Emphasis added). As the party requesting the credit, Dart had the burden to produce evidence showing entitlement to the credit. *American Standard v. Boyd*, 873 S.W.2d 822 (Ky. 1994); *Millersburg Military Institute v. Puckett*, 260 S.W.3d 339 (Ky. 2008). Here, Dart filed only Bailey's post-injury gross wages and not, as mandated by KRS 342.730(7), gross income minus applicable taxes, prior to the ALJ issuing her Opinion, Award and Order.

In its response brief to this Board, Dart attempts to characterize its filing of gross wages as existing substantial evidence that Bailey returned to work and that wages were in fact paid to him during voluntary TTD payments. Dart further asserts the ALJ properly exercised her discretion by allowing its filing of a "correction of evidence that was already in evidence" so that the proper credit could be calculated. It argues the ALJ's award is not final until an appeal is filed and, therefore, the post-judgment filing was proper. However, we are not persuaded by this argument. There is a distinct difference between gross and net wages, as explicitly outlined in the statute. Dart ultimately failed to timely produce evidence satisfying the requirements set forth in KRS 342.730(7). The introduction of additional evidence post-award is tantamount to a "second bite at

-10-

the apple" and is inappropriate. *Nesco vs. Jacklyn Haddix*, 339 S.W.3d 465, 472 (Ky. 201[1]). Dart should have introduced evidence of Bailey's post-injury wages less applicable taxes during the pendency of the litigation before the ALJ issued the final order and award. No motions to extend proof time were filed. Dart failed to timely produce the appropriate wage records. Consequently, we must reverse the granting of an offset to Dart against its obligation to pay TTD benefits for Bailey's post-injury wages because the evidence before the ALJ did not satisfy the requirements set forth in KRS 342.730(7).

Finally, Dart argues that the Board's reversal permits Bailey to receive a double recovery, which is discouraged in Kentucky:

In our view, the voluntary payment of compensation benefits during the pendency of proceedings before the Board is a matter of great importance to an injured worker and should not be discouraged. Any statutory interpretation which would penalize an employer who voluntarily makes weekly payments to an injured employee in excess of his ultimate liability would certainly discourage voluntary payment by employers and would therefore constitute a disservice to injured workers generally.

*W. Cas. & Sur. Co. v. Adkins*, 619 S.W.2d 502, 503-04 (Ky. App. 1981). While we certainly agree with this in theory, we also agree with Bailey that the fact that he may receive a double recovery is immaterial. The reality is that Dart failed in its burden of timely producing the records showing Bailey's post-injury net wages pursuant to the plain language of KRS 342.730(7). Therefore, we find no merit in this argument.

For the foregoing reasons, the order of the Workers' Compensation Board reversing the decision of the Administrative Law Judge is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Thomas C. Donkin
Lexington, Kentucky

BRIEF FOR APPELLEE JUSTIN BAILEY:

James D. Howes
Louisville, Kentucky